## HARPER *et al.* v. DRAKE *et al.*

1. PRACTICE: SETTING ASIDE DEFAULT. Section 3150 of the Revision of 1860, limits the setting aside of a *judgment* by default, to the term at which the judgment is rendered. A simple default may be set aside on motion at any term, prior to and including the one at which judgment may be entered.

2. SAME. Where a creditor's bill was based on a judgment at law, and after a default was granted against the defendants named in the bill the judgment was set aside, it was held that the court did not abuse its discretion in setting aside the default.

3. DEATH OF A DEFENDANT. Where, pending an equitable action, the principal defendant dies, and his title and interest in the subject matter of the suit descends to his co-defendants as his heirs, they also take his rights of remedy and defense, without prejudice by reason of their own standing as defendants in court.

*Appeal from Iowa District Court.*

FRIDAY, APRIL 10.

THE plaintiffs holding a judgment at law against James P. Drake, Sen., obtained in Indiana, brought a suit on a transcript of the same in this State, and at the September Term, 1861, of the District Court of Iowa county, procured a judgment for the amount thereof by default. In October thereafter, they filed a creditor's bill, making James P. Drake, Sen., Priscilla H. Drake, his wife, and James P. Drake, Jun., defendants, in order to subject certain lands to the payment of said judgment, the legal title of which was alleged to be in the said Priscilla and James P., Jun., but which, as stated, had been purchased with the means of James P., Sen. The defendants were non-residents and were brought before the court by publication, and also by personal service made upon James P., Sen., and Priscilla Drake, at Indianapolis, Indiana. In February, 1862, a default was taken against James P. and his wife, Priscilla Drake, in this proceeding, but no judgment was entered thereon, but the cause was continued. At the September Term following, the death of James P. Drake, Jun. (who had died the January before), was suggested and entered of record. Nothing further was done in the equity cause, either at the February or September Terms, 1862. At the September Term, 1862, the judgment obtained by default in the law case, on motion, was set aside. At the February Term thereafter, the defendants' answer being stricken from the files, a second default and judgment was entered against James P. Drake, Sen. At the same term and on the same day, James P. and Priscilla Drake, moved the court to set aside the default entered against them in the equity cause: First; Because the judgment at law, taken by default upon which the bill in this case was founded, had been set aside

Harper v. Drake.

and opened up: Second; That at the time of taking the default aforesaid, James P. Drake, Jun., had departed this life, and for that reason it was a nullity: Third; That no decree had been entered upon the default, and because of a meritorious defense, and other reasons of excuse set forth in affidavits annexed.

This motion was sustained and the default opened up, from which order of the court the plaintiffs appealed.

*Clark & Bro.* for the appellants.

*Clarke & Davis* for the appellees.

LOWE, J.— The principal point insisted upon by appellants is, that § 3150 of the Revision of 1860, limits the setting aside of a default to the term at which it was taken, whereas, the court ordered the opening up of the default at a subsequent term. It will be remembered that this was a naked default, upon which no judgment or decree had ever been entered. If such a decree had been entered thereon at the term to which it was continued, and a motion made at that term to open or set aside said decree, it would, we suppose, be within time, according to the true intendment of said section. This construction would seem to be borne out by the provisions of the two preceding sections, from which it may be inferred that the limitation as to time within which such motion is to be made, refers to judgments by default, whilst it may also be true that simple defaults taken in vacation are to be set aside at the commencement of the succeeding term.

In determining the question of a meritorious defense, and whether a sufficient excuse had been shown for the default, the court did not, in this case, abuse its discretion. But it is said that while these questions do address themselves to the discretion of the court, yet that the time within which the motion is to be made for the opening of a

default is beyond this discretion, being a matter of positive statutory regulation, which is to be observed with unrelaxed vigor. The case before us, however, illustrates the fact that this, as a proposition of law, is rather broad. For instance, this is a creditor's bill to reach property, the title of which is in a third person. The creditor's right to do so, arises only after he has exhausted his remedy at law, the legal, and perhaps only evidence of which is a judgment, and that the same is unsatisfied, because of the insolvency of the judgment debtor. But when this motion was made, the judgment at law which was the foundation of this proceeding, had, upon the order of the court, been set aside, which, evidently, rendered the decree by default in this case ineffectual.

Again, James P. Drake, Jun., was the principal defendant, as he held the property sought to be subjected. Against him no default had ever been taken, and, of course, the judgment against the other defendants was of no practical avail to the plaintiffs. But, it is claimed, at the death of the said James P. Drake, Jun., being at the time single and without issue, his rights of property had descended, under the law, to his co-defendants, who were his parents. If so, it follows that they carried with them his rights of remedy or defense also; and, inasmuch as James P. Drake, Jun., if alive, would have had a standing in court, so now, that he is dead, his legal representatives have a like standing. Under all the circumstances, we do not think there was error in the action of the court below, and its·order in the premises is

Affirmed.