Beck, J.
Revision, section 3150, provides that a default may be set aside upon application made at the term in which it was entered, but not without an affidavit of merits and a reasonable excuse being shown'for the default. These requirements were not observed in this case. The default had been entered more than a year — terms of court intervening between the date of the default and the term at which it was set aside. There was no affidavit of merits and no excuse shown for the default. The order of the court appealed from was, therefore, erroneous. Harper v. Drake, 14 Iowa, 533; Stone v. Brown, id. 595.
The motion to set aside the default is based upon the fact that the petition was amended so as to make the “Sisters of Charity” parties, after the other defendants were declared to be in default, of which they had no notice. This does not support the ruling of the district court. The amendment in no manner affects the rights of the defendants in default; it is not directed to that end. It is simply designed to bring in other parties who may have had an interest in the subject-matter of the suit. No additional *562 cause of action against the defaulting defendants is set out in the amended petition, nor other relief claimed against them than is asked for in the original petition. It is very plain that their rights may be cut off by a default and decree, and those of the new defendants afterward settled. It may be conceded that an amendment of a petition, in matters affecting the rights of a defendant, will waive a default before entered against him. But as no such state of facts is shown by the record the rule is not applicable to this case.
Reversed.