## SIMMONS v. CHURCH et al.

1. **Default: DISCRETION.** Where the court below has abused the discretion confided to it, or misapprehended its duty in the premises, in refusing to set aside a default, the supreme court will interfere on appeal.

2. **Notice: FROM POSSESSION.** Actual possession of real estate will operate as constructive notice of the rights of the possessor.

3. **Default: SHOWING OF REASONABLE EXCUSE.** That the defendant was advised by the plaintiff's attorney that he had no defense to the action (when in fact he had), and that he was thereby dissuaded from entering an appearance or making defense, *held*, in the present case, to constitute a reasonable excuse for failing to appear and suffering default.

*Appeal from Story Circuit Court.*

MONDAY, APRIL 10.

ACTION to foreclose a mortgage executed by N. B. Church to H. E. Dally, dated May 5, 1869, making the mortgagor

and D. W. Church, E. M. Burke, H. W. Kinney and S. Kinney parties defendants. The original notice was returnable at the May term, 1870, and on the 17th day of May, during said term, a default was entered against D. W. Church, and the cause continued as to N. B. Church, the mortgagor, for service of notice. No action seems to have been taken against the other defendants. At the next term of the court, in November, 1870, the defendant D. W. Church appeared and made a motion to set aside the default entered against him, on several grounds:

1. That the default entered was a naked one, no judgment having been rendered, and the cause having been continued as to N. B. Church for service of notice.

2. That at and before the execution of the mortgage he (D. W. Church) was the owner in fee of the premises mortgaged, by conveyance from N. B. Church, the mortgagor, executed prior to the making of the mortgage; that he (the grantee) was, at and before the making of the mortgage, and has continued, in the actual occupation of the mortgaged premises, residing thereon, and using the same as his homestead; that, not having his deed recorded until after the recording of the mortgage, the plaintiff's attorney, D. W. Gage, Esq., represented to, and advised, said defendant that the mortgage would take priority over his deed and title to said land; that believing and relying on such representations he made no defense at the time required by law, because he believed it to be useless; that he now believes that plaintiff's said attorney so advised him wrongfully for the purpose of circumventing him and to procure said default, and for the purpose of defeating his title to said property, and that the said defendant has a *bona fide* defense to the foreclosure.

This motion was verified, and accompanied by an answer setting up that the defendant, D. W. Church, purchased the mortgaged premises and received a deed therefor from N. B. Church on the 10th day of February, 1869, three

months prior to the execution of the mortgage; that he entered into possession of the premises in the fall of 1868, under a written contract of purchase, and has been in possession ever since, occupying the same with his family as his homestead. To the answer is attached a copy of the deed from N. B. Church to D. W. Church for the premises.

The plaintiff filed a motion to strike from the files the petition to set aside the default, which motion the court sustained, and struck the same from the files, and rendered a judgment and decree upon the default previously entered, to which D. W. Church excepted and appeals.

*J. S. Frazier* for the appellant.

*D. W. Gage* for the appellee.

MILLER, J. — I. While the court below has a large discretion in acting on applications to set aside defaults, and

1. DEFAULT: this court will rarely interfere with the rulings
discretion. on such applications, yet it is the manifest duty of this court to do so when there has been a clear abuse of discretion, or a misapprehension by the court below of its duty in the premises.

In the case before us, the court, on motion, struck from the files the application of the appellant, thus refusing to hear and pass upon its merits. The application was in time; a mere naked default having been entered, which may be set aside at any time before judgment is rendered thereon, on proper grounds. *Harper* v. *Drake*, 14 Iowa, 533.

The showing made by the appellant was that he was the absolute owner in fee of the mortgaged premises by a conveyance prior to the mortgage; that he had been and was at the time the mortgage was made, and has continued, in the actual occupation and possession of the premises; that the plaintiff's attorney persuaded him that, because he had failed to record his deed until after the mortgage was

recorded, he had no defense and that it was useless to make any.

The defendant's possession under a prior deed from the mortgagor was constructive notice to all parties of his rights

**2. NOTICE: from possession.** to the same extent as if his deed had been duly placed on record. *Baldwin* v. *Thompson*, 15 Iowa, 505; *Humphrey* v. *Moore*, 17 id. 193, and cases cited. See, also, *Dickey* v. *Lyon et al.*, 19 id. 544, and cases cited in opinion of COLE, J. Hence the mortgagee and his assignee, the plaintiff, had notice of the superior title of the defendant when they took the mortgage. The effect of the ruling of the court, if allowed to stand, would be to compel the appellant to pay the amount of a mortgage executed by his grantor which was not in existence when appellant acquired a perfect title as against the mortgagor and all persons claiming through or under him. Manifest injustice is thereby done to the appellant.

II. Was there such "a reasonable excuse shown for making default" as that it became the duty of the court to

**3. DEFAULT: showing of reasonable excuse.** set it aside? We are of opinion that there was. Had the appellant applied for advice to an attorney unconnected with the case for the plaintiff, and been erroneously advised as to his legal rights in the premises, he would not be entitled to the relief asked. But the advice which he received and acted upon was given to him by the plaintiff's attorney. The petition to set aside the default does not show whether the attorney, on his own motion, approached the appellant and advised him that he had no defense, or whether appellant applied to the attorney and sought his opinion; or, if the latter, whether appellant knew that the attorney he applied to was plaintiff's attorney in the cause. It is stated, however, that the defendant "*believes plaintiff's said attorney so advised him wrongfully for the purpose of circumventing him and to procure said default, and for the purpose of defeating his title to said property.*"

This statement is under oath and not controverted. It must, therefore, for the purposes of the application, be taken as true.

An attorney is bound in duty as well as honor to disclose, to one seeking his counsel and advice in respect to a suit in court, his connection with the case; and being the attorney of one party he should either decline to advise the other party or advise him correctly. In this case the plaintiff's attorney, whether he disclosed his relation or not, chose to advise the defendant that he had no legal defense to the action, which, we have seen, if the averments of the answer are true, was clearly erroneous. On this erroneous opinion the defendant shows that he relied and made no defense. By means of the advice thus given the plaintiff gained an undue advantage over the defendant, for it cannot be doubted that if the defendant had been correctly advised he would have been prompt in putting in his defense.

If, then, the plaintiff's attorney, as is alleged, advised the defendant erroneously for the purpose of misleading and preventing him from making a defense to the action, the defendant being thus entrapped and misled, the default should have been set aside.

The order and judgment of the circuit court are

Reversed.