WALKER v. CAMERON *et al.*

78 315
94 645

1. **New Trial:** JUDGMENT ON PUBLISHED NOTICE: TIME. Under section 2877 of the Code, a defendant served by published notice only, and against whom a judgment by default has been entered, has two years from the date of the judgment to appear and move for a new trial. The two years do not begin to run from the date of the default, for the entering of a default is not the rendition of a judgment.

2. ———: ———: BOND FOR COSTS: TIME OF FILING: WAIVER. In such cases the bond for costs which the section requires to be given may be demanded when the judgment is set aside, and not sooner. And if such bond is insufficient, or is not given at all, and no objection is made in the court below on that ground, the objection cannot be raised for the first time in this court.

3. **Sale of Land:** SPECIFIC PERFORMANCE: INNOCENT PURCHASER: EQUITIES. Plaintiff bargained for land and paid two dollars of the purchase money, and afterwards deposited in a bank the balance of the cash to be paid and his note and mortgage for the residue of the purchase price, according to the contract, and the bank held the deed to him, but, upon request from the vendor, refused to deliver it to him until further notice. In the meantime one W., who had no notice of these transactions, purchased the land of the vendor, and paid the consideration and procured his deed. After

Walker v. Cameron.

the deed to W. had been made plaintiff began this action to compel a specific performance of the contract of sale to him. W.'s deed was defectively acknowledged, but the defect was cured after the beginning of this action. *Held* that the equities of W. were superior to those of plaintiff, and that judgment for W. was properly entered in the case.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 7, 1889.

ACTION to enforce the specific performance of a contract to sell and convey land. Service of notice against all of the defendants was made by publication. A default and judgment was entered against all of the defendants. Upon motion of defendant Wicks the judgment was set aside as to him, and he was permitted to answer the petition, and a trial was had on the issues joined upon the pleadings, which resulted in a judgment for him and against plaintiff, who appeals therefrom.

*H. E. Long* and *Warren Walker*, for appellant.

*J. L. E. Peck*, for appellees.

BECK, J.—I. The action was commenced October 22, 1883. The petition, as amended, asks for the specific performance of a contract to convey land, entered into with plaintiff by Joseph and Mary A. Cameron on the nineteenth day of June, 1883. Two dollars cash were paid when the contract was made, four hundred and ninety-five dollars were to be paid when a sufficient deed should be delivered, and the balance of the consideration, eleven hundred and fifty dollars, was to be paid in four years, with eight per centum per annum interest, and secured by a promissory note and a mortgage upon the land. A deed to plaintiff for the land was sent to a bank for delivery, and plaintiff did deposit with and pay to the bank the note and mortgage and the cash payment required by the contract, but defendants directed their deed to be returned to them, and refused

to deliver a deed for the land. It is further alleged that in order to evade the contract made with plaintiff, and to defraud him, defendants conveyed the land to William Wicks, who had actual and constructive notice of plaintiff's purchase of the land. Wicks is made a defendant in this action, and the petition prays that the conveyance to him be set aside, and that the other defendants be required to specifically perform the contract of sale of the land to plaintiff. The original notice was served by publication, proof of which was duly made, and a default as to all of the defendants was entered, and a decree rendered granting the relief prayed for in the petition. At a subsequent term defendant Wicks moved to set aside the default and judgment, and for a retrial of the action, under the provision of the statute (Code, sec. 2877). The security for costs required by this section was not given. A blank bond without signature was filed, though certain parties justified by affidavits as sureties, but did not sign the bond. The district court, upon the hearing of the motion, set aside the default and decree thereon, and ordered a retrial. The defendant Wicks filed an answer, setting up defenses to the action, a retrial was had upon the issue raised by Wicks' answer, and a decree was rendered quieting the title of the land in him, and dismissing plaintiff's petition.

II. The cause was submitted to the district court for decision upon an agreed statement of facts, which tends to support the allegations of plaintiff's petition as to the contract for the purchase of the land, and his performance thereof. It is shown that the bank to which Cameron and wife had sent their deed to plaintiff on the seventeenth of October, 1883, refused to accept the cash payment on the land, on the ground that it was directed to hold the deed and not to deliver it until further directions should be given. On the eleventh day of October, 1883, defendant Wicks purchased the land of agents of Cameron and wife for two thousand dollars; five hundred dollars cash and the balance to be secured by note and mortgage at eight per cent. per

annum interest.   The cash was paid, and the note and mortgage executed and delivered to Cameron's agents, who, on the same day, sent the money and note and mortgage by mail to a bank in their place of residence in New York.   On the eighteenth of October the Camerons executed to Wicks a deed, which was sent by mail to the bank in Iowa, sending the money and note and mortgages, and was received on the twenty-first of October, and on the same day returned to the New York bank for a certificate of the clerk of a court to the official character of the person taking the acknowledgment, which was procured, and the deed returned to the bank in Iowa and filed for record November 9, 1883.   Wicks went into actual possession of the land in the spring of 1884, and erected buildings and improvements thereon, and paid off the note and mortgage in 1885, and has, with his family, resided upon the land since 1884.   On the twenty-second day of October, 1883, plaintiff filed his petition in this case.   Wicks was made a defendant in the action by an amendment filed December, 1883. No actual notice of the conveyance to plaintiff on the part of Wicks was shown before he bought and paid for the land, and before it was deeded to him, nor is it shown that he had any knowledge of negotiations between plaintiff and the Camerons before that time.

III.   We will proceed to notice certain objections to the action of the court in setting aside the judgment and permitting defendant to have a retrial. It is first insisted that the proceeding was not had within the time contemplated by the statute.   Code, sec. 2877.   This section provides that "when a judgment has been rendered against a defendant, served by publication only," and who does not appear, he may, in two years after the rendition of the judgment, "appear in court and move to have the action retried, and, security for costs being given," he shall be admitted to make defense.   The default was entered more than two years before the motion to set aside the judgment was made, but less than two years after the judgment was rendered.   The statute provides

1. NEW trial: judgment on published notice: time.

that the motion may be entertained within two years after the judgment is entered. The default is not the rendition of judgment, nor the equivalent thereof. A default is the admission of the plaintiff's cause of action, as stated in his petition, by failure to appear and answer thereto after having been duly served with notice. 5 Amer. & Eng. Cyclop. Law, 461. The order for the default is not a judgment, but the formal declaration of an admission, which takes the place of evidence. A judgment is rendered upon the default as a judgment is rendered upon evidence. *Id.*, 474, 475. No process can issue upon a default. The judgment is a final adjudication of the court. Two years thereafter (not after default) the statute cited provides, shall be extended to the defendant in which to move to set aside the judgment. It is plain that the limitation does not begin to run from the default.

IV. No bond was filed, as required by the statute. The statute evidently contemplates that the bond shall be ordered and approved when the judgment is set aside. It clearly is not to be approved before action upon the motion. If it is insufficient, or is not given at all, objection should be made at some stage of the proceeding; but no objection appears to have been made at any time in the court below, based upon the want of a bond, or upon the sufficiency of the bond filed in the case.

*2. ——: ——: bond for costs: time of filing: waiver.*

V. Upon the merits of the case, we think the decree of the district court ought to be affirmed. The deed executed to plaintiff was never delivered, nor had the Camerons accepted the money and note and mortgage given by plaintiff for the land. But the point may be assumed that the Camerons had entered into a valid contract for the land. But it cannot be said that the contract to convey had been executed; indeed, the object of this suit is to compel the performance of the contract. But the contract made by the Camerons with Wicks, and the payment by him of five hundred dollars, and the execution of a promissory note and mortgage, were all

*3. SALE of land: specific performance: innocent purchaser: equities.*

before Wicks had notice, express or implied, of plaintiff's claim of title under his purchase. The suit of plaintiff was commenced after Wicks had bargained and paid for the land, and after a deed had been made and delivered to him by the Camerons. It is true that before the deed was sent for the clerk's certificate the suit of plaintiff had been commenced. But the deed before this had been delivered to Wicks through his agent, the bank.

VI. It is argued that the plaintiff acquired the ownership of the land before Wicks' purchase. It cannot be claimed that plaintiff had the title to the land before Wicks bought it, but it may be assumed that he had a contract therefor. This does not give him the ownership. It confers nothing more than an equity, which, however, cannot be enforced against a good-faith purchaser for value, without notice, actual or constructive, of plaintiff's equity. Wicks was such a purchaser.

VII. It is claimed that the deed from the Camerons to Wicks is defectively acknowledged. If it be assumed that this position is true, it does not follow that we must conclude that plaintiff has the superior claim. He has no deed at all. Wicks has a defective deed. They both have contracts for the land. Wicks paid for the land under his contract without notice of plaintiff's claim, and has proceeded to perfect his title, while plaintiff holds no title at all. It is plain that both the legal rights and equities of Wicks are superior to those of plaintiff. These considerations lead us to the conclusion that the judgment of the district court ought to be

AFFIRMED.