L. C. KISER, Appellee, v. Dr. CRAWFORD et al., Appellants.

**COURTS:** Jurisdiction—Dismissal—Effect. The dismissal of an action terminates the jurisdiction of the court therein, and nullifies every previous order made therein. So held in an action wherein the court had ordered an autopsy on the body of the deceased plaintiff.

> PRINCIPLE APPLIED: An action for damages for personal injury was pending in Cedar County. The plaintiff resided in Muscatine County, and died there, pending said action. The defendant immediately obtained from the Cedar district court an order for an autopsy on the body of said plaintiff, on the claim that said autopsy would reveal death by cancer, and not by reason of any injury inflicted by defendant on said plaintiff. *Following the order for an autopsy, said action was immediately dismissed. Later*, the court made a further order that the sheriff take possession of the dead body in Muscatine County. *Held*, the dismissal terminated all jurisdiction in the court over the action, and nullified the order for the autopsy and all orders pertaining thereto.

**INJUNCTION:** Preliminary and Interlocutory—Dissolution—Degree of Proof. When the nature of a case is such that its purpose will be wholly defeated unless a temporary injunction is issued, such temporary injunction should not be dissolved, except on a showing that would *defeat* the case on its ultimate merits. So held where the injunction was to restrain an autopsy on the body of a deceased person.

*Appeal from Muscatine District Court.*—A. P. BARKER, Judge.

MARCH 6, 1918.

THIS is a suit in equity for an injunction to restrain the defendants from performing an autopsy upon the body of Louthera Kiser. Three of the defendants are physicians, and the fourth is the sheriff of Cedar County. A temporary injunction was issued and served. A motion to dissolve the temporary injunction being filed, a hearing was had there-

on. Mrs. Kiser died on February 25, 1917. She was buried on February 27th. The hearing on the temporary injunction was had on March 20th. The trial court held, in effect, that, in the nature of the case, the autopsy had become impossible, and that the question of right to perform the same had, therefore, become moot. On such ground, he overruled the motion to dissolve the temporary injunction. The defendants have appealed.—*Affirmed.*

*E. A. Johnson* and *C. J. Lynch,* for appellants.

*J. G. Kamerer, C. R. Stafford,* and *Chas. B. Kaufman,* for appellee.

EVANS, J.—I. The situation presented herein is a very peculiar one. Louthera Kiser was, at the time of her death, the wife of the plaintiff. She died at her home in Muscatine County. She was buried there. At the time of her death, there was pending in Cedar County a certain suit, or suits, for damages in her behalf and in behalf of her husband, by reason of personal injuries sustained by her in an automobile collision. One I. N. Kiser was the defendant in such suit or suits. On the day of the death of Louthera Kiser, I. N. Kiser, the defendant in the Cedar County suits, obtained an order in such suits from the district court of Cedar County for an autopsy upon the body of the deceased, for the purpose of obtaining evidence in such damage suits. His claim, in brief, was that an autopsy would disclose that her death was caused by cancer, and not by the alleged personal injuries for which the damage suits were pending. This order was issued without advance notice to the members of the family of the deceased. On February 26th, the plaintiff herein, being the husband of the deceased, appeared before the Cedar County district court, and moved to discharge such order for an autopsy. His motion was on the same day

1. COURTS: jurisdiction: dismissal: effect.

denied. A formal order was issued, and a commission of physicians was appointed, for the purpose indicated. On the 26th and the 27th, they proceeded to the home of the deceased in Muscatine County, for the performance of their supposed duty. In the meantime, the damage suits in Cedar County had been dismissed, on February 26th. In their attempt to perform the autopsy, the physicians encountered refusal, both on the 26th and the 27th. After encountering refusal on the 26th, an attachment was sued out from the Cedar County district court, whereby the plaintiff and his attorneys in the damage suits were cited for contempt, and whereby the sheriff was directed to take possession of the dead body. On the 27th, this suit was begun by the plaintiff against the physicians and the sheriff, asking to enjoin them from the performance of the autopsy, and a temporary injunction was issued accordingly.

The contention for the appellant is that there was no jurisdiction in the district court of Muscatine County to review or annul the orders of the district court of Cedar County. If the case could be made to turn upon this legal proposition, the position of the appellant would be quite unassailable. We have no argument for the appellee. Looking to a proper analysis of the situation, we inquire first, What was the nature and extent of the power or jurisdiction of the Cedar County district court over the body of Louthera Kiser in Muscatine County? Manifestly, it was the jurisdiction conferred upon it by the pendency therein of the damage suits against I. N. Kiser. For the purpose of these pending suits, the jurisdiction of the court was coextensive with the state. Upon a proper showing, therefore, it may be assumed, for our present discussion, that it was competent for such court to order an autopsy, as a condition to the prosecution of such pending suits; that is to say, its utmost power was, not to order an autopsy in a peremptory sense, but to lay it as a condition to the

prosecution of the pending suits. . Its jurisdiction was over the pending suits, and not over the dead body in Muscatine County. The order as issued was peremptory in form, but it could have been fairly construed as an attempt to impose a condition upon the prosecution of such suits. When the suits were dismissed, on February 26th, such dismissal terminated the jurisdiction of the court therein, and carried down with it every previous order made therein. This dismissal had occurred before the physicians attempted to perform the autopsy. It was after such dismissal that the attachment order was issued directing the sheriff to take possession of the body. At the time of such issue, there was nothing pending before the court upon which its jurisdiction could rest to make such an order. The order was, therefore, wholly without jurisdiction, and was subject to contest anywhere, and by any appropriate method. The result is that the defendants are in the position of having been enjoined from doing an act they were about to do, and which they had no legal right to do. We have no occasion to decide or to inquire whether the order could be affirmatively approved as a proper condition to the prosecution of the suit.

2. INJUNCTION: preliminary and interlocutory: dissolution: degree of proof.

Furthermore, the query naturally arises here: What interest have these defendant physicians in the performance of this autopsy? Why should they contend with the plaintiff for such right?

II. The hearing in the trial court was on a motion to dissolve the temporary injunction. This motion was denied, and from such order of denial, this appeal has been taken. Manifestly, the nature of the case is such that its purpose would be wholly defeated unless a temporary injunction should issue. If, therefore, there are any ultimate merits to be tried in the main case, it is eminently proper that the *status quo* should be maintained, as far as possible.

The situation is indeed a gruesome one, in that, on the one hand, the effect of a temporary injunction is to let decomposition do its work, and thereby destroy the evidence sought; and on the other hand, if no temporary injunction had been issued, the mutilation of the body which it was sought to restrain would have been fully accomplished before a hearing on the full merits could be had. Nevertheless, it is clearly a case where a temporary injunction ought not to be dissolved, except upon a showing that would defeat the case on its ultimate merits. For the reasons indicated, the trial court properly refused to dissolve the temporary injunction, and its order is—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.