T. P. WEINHART, Petitioner, v. JOSEPH E. MEYER, Judge, Respondent.

No. 41742.

APRIL 4, 1933.

Brown, Brown & Harvey, for petitioner.

Carl A. Burkman and Alex M. Miller, for respondent.

MITCHELL, J.—On August 26, 1932, the petitioner filed· his petition for a writ of certiorari, alleging that the respondent had acted illegally and in excess of his jurisdiction in setting aside a "simple" or "naked" default.

It appears from the record that on April 22, 1932, the petitioner filed a petition in the district court of Polk county against Charles F. Keeling and Harley L. Thornton, stating that the defendant Keeling was sheriff of Polk county and the defendant Thornton was deputy sheriff, and that the two defendants arrested the plaintiff on December 23, 1931. The petition alleged that the arrest was wrongful and without cause, and demanded of the defendants the sum of $5,000. It appears that due notice as provided by law was served upon the said Keeling and Thornton in time for the May, 1932, term of the district court, and that the said Keeling and Thornton did not appear at the May term, and on· May 14, 1932, a "simple" or "naked" default was entered against the defendants.

The order of default was as follows:

"May 14, 1932. Default is hereby granted against defendants."

No judgment was entered on said default, and no judgment has since been entered on said default.

It appears that Keeling and Thornton misplaced the original notice, and did not discover it again until the 12th day of August, 1932, when Carl A. Burkman, assistant county attorney of Polk county, Iowa, and the said Keeling and Thornton, appeared before the respondent as one of the judges of the district court of the state of Iowa in and for Polk county, and presented the facts to the court why the said Keeling and Thornton had not appeared at the May term. August 12, 1932, was one of the days of the term of court which followed the May term in Polk county.

The court entered the following order:

"August 12, 1932. It is hereby ordered that default against ·defendants be set aside and they be granted five days to plead."

On the next day, August 13, 1932, said Keeling and Thornton filed with the district court of the state of Iowa in and for Polk county an answer in proper form.

On August 15, 1932, Weinhart, the plaintiff in the action, filed his exceptions to the order setting aside the default, as follows:

"Comes now the plaintiff and makes this his exception to the order of the court entered herein on August 12, 1932, setting aside the default previously entered against the defendants herein on May 14, 1932."

On the 26th of August, 1932, the petitioner filed his petition for writ of certiorari in this court, alleging that the said order was entered without jurisdiction, and was wholly void, for the reasons that no motion or any showing of any kind in support of the setting aside of the default was made, that the said order was not entered at the same term as the order which it seeks to set aside, and that no notice was given to the plaintiff or his attorneys.

The sole question before this court is whether or not a simple or naked default may be set aside by a court upon a proper showing after the term of court at which the naked or simple default was entered.

The petitioner cites section 11589 of the Code of 1931, which reads as follows:

"Default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forth-with, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made such default, nor unless application therefor is made at the term in which default was entered, or if entered in vacation, then on the first day of the succeeding term."

Section 3150 of the Revision of 1860 is identical to the present section above set out. This court had occasion to construe this section in relation to the setting aside of a naked or simple default. In Harper v. Drake, 14 Iowa 533, a naked default was set aside and an appeal taken. In affirming the action of the trial court, this court said:

"The principal point insisted upon by appellants is, that section 3150 of the Revision of 1860, limits the setting aside of a de-

fault to the term at which it was taken, whereas, the court ordered the opening up of the default at a subsequent term. It will be remembered that this was a naked default, upon which no judgment or decree had ever been entered. If such a decree had been entered thereon at the term to which it was continued, and a motion made at that term to open or set aside said decree, it would, we suppose, be within time, according to the true intendment of said section. This construction would seem to be borne out by the provisions of the two preceding sections, from which it may be inferred that the limitation as to time within which such motion is to be made, refers to judgments by default, whilst it may also be true that simple defaults taken in vacation are to be set aside at the commencement of the succeeding term."

In Simmons v. Church, 31 Iowa 284, the court entered a naked default. At a subsequent term, the appellant filed a motion to set aside the default. The plaintiff filed a motion to strike from the files the petition to set aside the default, which motion was sustained, and a judgment and decree was rendered upon the default. From this action an appeal was taken. In reversing the action of the district court, this court said:

"While the court below has a large discretion in acting on applications to set aside defaults, and this court will rarely interfere with the rulings on such applications, yet it is the manifest duty of this court to do so when there has been a clear abuse of discretion, or a misapprehension by the court below of its duty in the premises.

"In the case before us, the court, on motion, struck from the files the application of the appellant, thus refusing to hear and pass upon its merits. The application was in time; a mere naked default having been entered, which may be set aside at any time before judgment is rendered thereon, on proper grounds. Harper v. Drake, 14 Iowa 533."

In Ordway v. Suchard & Gebhard, 31 Iowa 481, an appeal was taken from the action of the trial court in refusing to set aside a default judgment. In reversing the district court, this court referred to naked defaults by way of dicta as follows:

"Our statute provides that defaults may be set aside on such terms as the court may deem just, etc., but not unless an affidavit of merits is filed, and a reasonable excuse shown for making default,

nor unless application therefor is made at the term at which the default was entered. A naked default, on which no judgment has been entered, may be set aside at any time on proper grounds. Harper v. Drake, 14 Iowa 533, 534; Simmons v. Church, 31 Iowa 284. But, when a judgment has been entered on the default, the motion must be made at the same term the default is entered."

Thus it appears that, under the holdings of this court, a naked or simple default may be set aside at a subsequent term, upon a proper showing. This is based upon the fact that, if the judgment or decree was entered at the following term, and the motion to set aside the judgment or decree was made at the same term at which the judgment or decree was entered, it would be within time to set aside the judgment or decree according to the statute. Therefore, when a motion is made to set aside a so-called naked default, such motion may be made at any time that a motion could have been filed to set aside a default judgment. In this case a proper showing was made. A naked default is not a substantial right, nor is it a final determination of the cause of action. It is simply a finding by the court that upon the record the plaintiff is entitled to a default. The court, in entering a naked default, does not determine whether or not the plaintiff is entitled to any damages or any relief. However, upon the entry of a default judgment, the court determines the amount the plaintiff is entitled to recover, and enters a judgment in such sum, which judgment may be used by the plaintiff as the basis of a levy to collect from the defendant the amount to which the court has found the plaintiff is justly entitled. The status of the parties is changed upon the entry of a default judgment. When default judgment has been entered, the motion must be made at the same term at which the default judgment is entered. In the case at bar no judgment was entered. The respondent set aside a simple or naked default before the rendition of judgment upon a proper showing. In this he acted in compliance with the law of this state.

The writ must be, and it is hereby, annulled.—Writ discharged.

All Justices concur.