EMMA L. HAMMON, Appellee, v. ORRIE GILSON et al., Appellants.

No. 44931.

APRIL 2, 1940.

No appearance for appellee.

O'Brien & O'Brien and Hart & Hart, for appellants.

BLISS, J.—On September 1, 1932, plaintiff filed her petition in an action at law asking damages for malicious prosecution. The defendants appeared at the November 1932 term—the appearance term. The plaintiff failed to prosecute the action, and on April 20, 1935, the clerk of the court entered of record in the cause, in district court record "S", on page 353 thereof, the following order:

"Dismissed without prejudice for want of prosecution under General Order of March 12, 1927. O. H. Fossum, Clerk."

The general order referred to appears on page 254 of district court record "Q", is dated March 12, 1927, bears the signatures of the three judges of the 13th judicial district of Iowa, and is as follows:

1368

"The respective parties are hereby ordered to cause each case now, or hereafter, pending in this court to be finally determined within two years from date of filing of petition.

"If the parties fail to comply with the above order, the Clerk is hereby ordered to enter upon the record in each case as follows: 'Dismissed without prejudice for want of prosecution,' and also to enter judgment against the plaintiff for costs. But any person interested in any such case may, by advancing and paying to the Clerk the accrued costs and filing an' application of merit to be determined by the Court, have such case dropped from the court calendar without dismissal and with the right to have the same reinstated.

"This is to apply in all cases on the law and equity calendar at the present time, and shall take effect twenty days before the second term after the filing of this order.

"The Clerk is directed to cause a copy of this order to be printed in the calendar each term."

The order of dismissal of April 20, 1935, was approved by the Honorable T. H. Goheen, one of the judges of said district, by the following order made, and entered of record in district court record "S", on page 365 thereof:

"Now towit: this 28th day of August, 1935, all orders heretofore made and entered by the Clerk of the District Court of Allamakee County, Iowa, dismissing causes for want of prosecution, in pursuance of general order of March 12, 1927, are hereby approved, affirmed and ratified, except those heretofore reinstated."

There had been no reinstatement of this action.

On *November 27,. 1936,* the plaintiff filed the following application:

"Comes now the plaintiff and for her application shows and states to the court:

"That she filed her petition herein, setting out her claim and cause of action, and served notice on the defendants, and appearance was entered by Attorneys Hart & Hart, and O'Brien & O'Brien of Waukon, Iowa.

"That on several occasions, attorney for plaintiff demanded that defendants file pleading in this matter, and continually and continuously promises were made to get pleadings on file

to the end that the issues might be joined and the case properly tried.

"That the plaintiff has a good and meritorious cause of action; that plaintiff has paid the costs in this case.

"That the Clerk of the District Court of Allamakee County, Iowa, has attempted to enter an order of dismissal, said entry having been made on the 20th day of April, 1935.

"That the Clerk of the District Court of Allamakee County, Iowa, is without power to dismiss said cause of action.

"That dismissal of a cause of action is a judicial power delegated to the District Court and the District Court or any Judge thereof cannot delegate its power to a Clerk of Court or any other person and said action should be placed back on the calendar for trial in the ordinary and regular course.

"WHEREOF, Plaintiff asks and prays an order of this court:

"First—Setting a time and place of hearing on this application.

"Second: That the length of notice of such time and place of hearing to be given defendants, to be fixed by the court, and upon final hearing the court order said case placed back on the calendar for trial in the regular course of business, and that the Clerk of the District Court of Allamakee County, Iowa, be ordered to place said case on the calendar for trial, and that such other and further orders be made as are just and equitable in the premises."

On *July 2, 1938,* Judge Goheen made an order setting the hearing on the application at the courthouse in Waukon, at 10 o'clock in the forenoon of July 12, 1938, and directing a 5-day notice thereof be given by mail to the defendants. Such notice was given.

On *July 12, 1938,* defendants filed the following special appearance:

"Come now the defendants and appear specially in this cause of action for the sole purpose of attacking the jurisdiction of the Court, and show and state to the court:—

"Par. 1. That there is no action pending before the Court. That no Original Notice has been served upon these defendants that would give this Court jurisdiction over these defendants, and this Court is without jurisdiction over these defendants.

"Par. 2. That no Notice of any kind' has been properly served upon these defendants that complies with any Court Order that would give this Court any jurisdiction over these defendants.

"Par. 3. That these defendants are not in Court, and that this Court is without any jurisdiction whatsoever to require these defendants to appear in Court."

Trial was had on the special appearance on July 26, 1938, at which time defendants offered in evidence the district court records showing the general order of March 12, 1927, the entry of dismissal of April 20, 1935, the order of August 28, 1935, approving the entry of dismissal, and their special appearance. To each of these, except the last, plaintiff made the general objection of "incompetent, irrelevant and immaterial." Plaintiff offered in evidence the court order of July 2, 1938, and the notice of the hearing and proof of service, to which defendants objected that the offers were incompetent, irrelevant, and immaterial, hearsay, and not binding on the defendants, appearing specially and not within the jurisdiction of the court. All offers of evidence were received by the court subject to the objections and the further rulings of the court.

On September 8, 1938, the court made and entered of record the following order:

"This cause ordered reinstated upon payment of costs. Defendants except."

On November 21, 1938, defendants filed the following amendment to their Special Appearance:

"Come now the defendants, and appear specially in this cause of action for the sole purpose of attacking the jurisdiction of the Court, and for that purpose only, and show and state to the Court:—

"Par. 1. That on July 26, 1938 a Special Appearance by these defendants was submitted in open court to Honorable T. H. Goheen, Judge, and these defendants at said hearing did not appear generally, but simply submitted their Special Appearance which was filed on July 12, 1938.

"Par. 2. That on September 8, 1938 this Court erroneously made the following Order:—

" 'This cause reinstated upon payment of costs. Defendants except.'

"Par. 3. It is the belief of the defendants that the ruling of the Judge was a mistake, because of the fact that all that was submitted to said Judge on July 26, 1938 was the Special Appearance, and the only Order that said Judge could have made was an Order sustaining or overruling the Special Appearance, as the defendants were not in Court on any matter except their said Special Appearance which was submitted to the Judge on July 26, 1938.

"Par. 4. That this Amendment to Special Appearance is made for the purpose of giving said Judge an opportunity to correct his record.

"Par. 5. That during the hearing of the Special Appearance above mentioned on July 26, 1938, certain objections were made by the defendants appearing specially to evidence offered, and the Court at that time stated in the record that the evidence would be admitted subject to objection and further ruling of the Court. At the close of that hearing the defendants appearing specially called to the attention of the Court the fact that no rulings had at that time been made, and suggested that the Court rule before or at the time he made the final decision on the Special Appearance. No rulings were made by the Court in connection with its decision, and these defendants appearing specially now ask the Court to make rulings on the evidence offered at the hearing on that Special Appearance.

"Par. 6. This Amendment to Special Appearance is not a general appearance but is simply an Amendment to a Special Appearance and is made for the sole purpose of giving the Court an opportunity to correct its record and to rule on objections made at the time the Special Appearance was submitted to the Court, and defendants do not hereby enter a general appearance or waive any of the their rights under their Special Appearance.

"WHEREFORE:—

"Defendants appearing specially for the sole purpose of attacking the jurisdiction of the Court pray that the Court fix a time for hearing on this Amendment to Special Appearance, and if the Court believes that plaintiff should be notified of said hearing that the Court prescribe and have the Clerk prepare

whatever notice the Court thinks should be served upon plaintiff and have same served upon plaintiff, and at said hearing correct its record and rule upon the objections made at the time the Special Appearance was submitted.''

On January 17, 1939, the court made and entered of record the following order:

''The above order entered herein on September 8, 1938, is hereby vacated and set aside. It is further ordered that all objections to testimony introduced at the hearing on the Special Appearance held on the 5th day of October, 1938 is overruled and said Special Appearance is also overruled. Both parties except.''

I. We have not been favored with a brief and argument on the part of appellee. It will be observed that the action was dismissed because of the plaintiff's failure to prosecute her action within the 2-year period of limitation provided for by the general order of the judges of the 13th judicial district. Orders of the same kind or similar thereto are in effect, we believe, in most of the judicial districts of the state. In Hansen v. McCoy & McCoy, 221 Iowa 523, 524, 266 N. W. 1, in passing upon a similar issue, we said:

''Rule 6. 'It is ordered that all cases which have been on a calendar for four successive terms shall be dismissed for want of prosecution at the next term thereafter, unless for good cause shown.' Such a rule is more or less common in the district courts of this state and has the sanction of this court. O'Mara v. Ry. Co., 156 Iowa 701, 137 N. W. 942.''

In Workman v. District Court, 222 Iowa 364, 269 N. W. 27, the court said, on pages 366, 367:

''The original order of December 10, 1934, dismissed said cause under rule 3 of the court rules then in existence in said district court. The third rule provides as follows:

'' 'On the first day of each term of court in each county in this judicial district the clerk of the court shall present to the court a list of all law and equity cases wherein the petition has been on file more than two years, and all such cases shall be dismissed by the court at the cost of the plaintiff, or plaintiffs, for want of prosecution unless otherwise ordered by the court

upon good cause being shown by affidavit for delay in the prosecution of the same.'

"It was under and by virtue of this rule that the proceedings were dismissed on the 10th of December, 1934.

"We have in numerous cases approved the dismissal of causes under rules similar to this.

"The last time we had this question before us was in Hanson v. McCoy, 221 Iowa 523, 266 N. W. 1. The petitioners insist, however, that the court has no power to make a rule which is arbitrary or unreasonable in its operation. With this contention we agree. But we can see nothing in the rule itself that is in any way arbitrary or unreasonable. Some rules are necessary to expedite business in the district courts and we consider the rule in itself not subject to the complaint lodged against it. The requirements of the rule seem to have been literally complied with, and the court made an order by virtue of the rule dismissing the cause and judgment against the plaintiff for costs."

With respect to a dismissal by the court itself for the failure to prosecute a law action within a period of 5 years, the court in Loose v. Cooper, 141 Iowa 377, 378, 118 N. W. 406, said:

"It is quite apparent upon the face of this record that the court would have been justified in dismissing this case for want of prosecution. The power is inherent in the court, quite independent of the statute."

Under the recognized rule that courts have the inherent power to prescribe such rules of practice and rules to regulate their proceedings, in order to expedite the trial of cases, and to keep their dockets clear, and to facilitate the administration of justice, we have no hesitancy in upholding the right of district court judges to lay down and enforce the general order involved herein.

II. The fact that it is a general order applicable to all cases or proceedings pending or to come before the courts of the judicial district does not invalidate it. We have so held respecting a general order appointing the clerks, of the respective district courts in the judicial district, referees to examine

**1374**

reports in probate. Burlingame v. Hardin County, 180 Iowa 919, 164 N. W. 115.

III. In this case the general order directed the clerk to enter the dismissal. The order of dismissal was entered in the district court record by the clerk. We are not required to pass upon the question whether this, in itself, would have been an effective dismissal, for at the same term of court the presiding judge made an entry in the same record "approving, affirming and ratifying" this and all other orders of dismissal, under the general order. The court, of course, had the authority to make and order the entry of dismissal at the time that the clerk made and entered the order of dismissal. When the court, at the same term of court, made a written entry, "approving, affirming and ratifying" the entry of the clerk, it was in fact and for all purposes a duly entered order of the court dismissing the action.

IV. The entry of dismissal by the clerk was on April 20, 1935. The approval by the court was entered on August 25, 1935. The application for reinstatement was not made at that term of court, but was made on November 27, 1936, after several terms of court, and over a year had passed. The order of reinstatement was made September 8, 1938, and the order overruling the special appearance was made on January 17, 1939.

As stated in Workman v. District Court, supra, on page 367:

"The power of a court to modify or set aside a judgment, when once entered, is purely statutory. Chapter 552 of the Code provides the procedure to vacate or modify a judgment."

The court had no power to set aside the judgment of dismissal except by following the proceedings required by said chapter, and particularly by sections 12792, 12793, and 12794, stating that the proceedings must be commenced within one year after the order or judgment was made, by filing a verified petition setting out the order or judgment, and the facts justifying its vacation, and by bringing the other party into court in the same manner and by the same proceedings, respecting notice and service, as in an ordinary action. Des Moines Union Ry. Co. v. District Court, 170 Iowa 568, 153 N. W. 217; Workman v. District Court, supra.

The appellee followed no such proceedings. The trial court therefore had no jurisdiction to render and enter the orders appealed from, and they are therefore reversed.—Reversed.

HAMILTON, C. J., and HALE, SAGER, STIGER, MILLER, and OLIVER, JJ., concur.