CLIFFORD H. PHELPS, appellee, v. G. C. VARBEL et al., defendants, and NELLIE N. VARBEL, administratrix, substituted defendant, appellants.

No. 48993.

(Reported in 79 N.W.2d 763)

DECEMBER 11, 1956.

REHEARING DENIED FEBRUARY 8, 1957.

Campbell & Campbell, of Newton, for appellants.

Cross, Hamill & Selby, of Newton, and Smith & Hanson, of Emmetsburg, for appellee.

WENNERSTRUM, J.—Plaintiff's action is one to renew a judgment which originally had been entered on January 12, 1924. Section 11007, 1939 Code, 614.1(7), 1954 Code. Several defenses were made in this subsequent proceeding. The rulings concerning them in connection with preliminary motion, motions during the trial, as well as a directed verdict in favor of the plaintiff at the conclusion of all the evidence, are the bases of the present appeal. The present plaintiff is a claimed assignee and heir of the original judgment holder. The defendants have appealed from the judgment entered against them.

The original action was commenced on October 3, 1922, by W. H. Phelps. An answer was filed on December 19, 1922. On May 23, 1923, the district court entered an order in this case, as follows: "It is ordered that this cause be dismissed for want of prosecution unless trial notice be served at least ten days prior to the next term of this court." The record shows there was a September term which commenced September 17, 1923. The defendants claim in their answer that by virtue of the order there was a dismissal of the cause and it was omitted from the docket of the court. This latter fact is apparently not denied. It is also shown by the record a trial notice was filed on November 16, 1923. Thereafter a default judgment was entered against the defendants in the original action as heretofore noted. It is the contention of the defendants in the present action that in view of the dismissal of the original action the court was without jurisdiction to enter the 1924 judgment. By reason of our disposition of this appeal in the manner hereinafter set forth we do not deem it necessary to set out and comment on the other issues which were raised during the trial and likewise presented in this appeal.

 I. It is the contention of the defendants the order of the district court entered on May 23, 1923, constituted a dismissal of the original plaintiff's action. It is not claimed by the present plaintiff a trial notice was filed at least ten days before the September 1923 term of the district court, which would be the next term following the entry of the claimed dismissal.

It is our holding the order of May 23, 1923, effectively constituted a dismissal of plaintiff's action, since no trial notice was filed as provided by the order, and in view of statutory provisions hereinafter mentioned. As we read the order it said the action would stand dismissed if trial notice was not filed within the prescribed time. When no trial notice was so filed the dismissal order became final. 27 C. J. S., Dismissal and Nonsuit, section 74, page 256.

It is apparent the trial court dismissed the original action under the provisions of section 3764, 1897 Code (section 11562, 1924 Code) which provided: "An action may be dismissed, and such dismissal shall be without prejudice to a further action: * * * 5. By the court, for disobedience by the party of an order concerning the pleadings or any proceeding in the action."

 It is contended by the plaintiff the order of the district court of May 23 did not constitute a dismissal but was conditional in nature. We are presented with the question how this contention should have been made and when.

This court in Byington v. Quincy, 61 Iowa 480, 16 N.W. 582, dealt with a situation somewhat similar to the one here involved. In the cited case trial was reached and plaintiff failed to appear. The trial court dismissed the action for want of prosecution. Five days thereafter the plaintiff filed a motion to reinstate the cause upon the docket which motion was sustained. This court approved such procedure. Such a motion could and should have been made in the original case here involved, and thereby, if timely made, raise the question of the effectiveness of the dismissal.

The plaintiff in no manner sought to question the dismissal in the original case. Instead, he filed a trial notice for the December 1923 term of the district court and a default judgment was entered on January 12, 1924. This was done despite the

fact the firm of Campbell & Campbell had entered their appearance on December 5, 1922, and were given ten days to plead and an answer was filed on December 19, 1922. It should be here stated W. H. Phelps was not represented in the original action by the counsel now representing the present plaintiff. Whether there was an effective dismissal was not raised until after the present action was instituted. We hold the present plaintiff cannot in the present action question the effectiveness of the dismissal of the original action in 1923.

II. There was a statutory provision which pertained to the applicable procedure. Section 4093, 1897 Code (section 12791, 1924 Code) is as follows: "Motion to correct mistake or irregularity. Proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining judgment *or order,* shall be by motion served on the adverse party or his attorney, and within one year; if made to vacate a judgment *or order,* because of irregularity in obtaining it, such motion must be made on or before the second day of the succeeding term." (Emphasis supplied.)

We are here concerned with the question what procedure should have been followed to vacate the order of dismissal or to question the effectiveness of it. Although we are not here dealing with a judgment but an order the case of Priestman v. Priestman, 103 Iowa 320, 322, 72 N.W. 535, deals with the statute last quoted. It is therein stated: "This action was brought on the fifteenth day of August, 1895. The Code of 1873 provides that proceedings to vacate a judgment because of irregularity in obtaining it must be by motion made on the second day of the next succeeding term. There was a term of the district court held in Page County in January, 1895, and another in April. As no motion was filed as required by the statute, we cannot consider plaintiff's claim of irregularity in the obtaining of the judgment. * * * The application to vacate on the ground of irregularity cannot be considered, because not made in time."

The case of Hammon v. Gilson, 227 Iowa 1366, 1374, 291 N.W. 448, 452, deals with and refers to a judgment of dismissal rather than an order of dismissal. However, it referred to the statute last quoted and the statements there set forth are applicable to the situation in the original case. It is there stated:

"The court had no power to set aside the judgment of dismissal except by following the proceedings required * * *, and particularly by sections 12792, 12793, and 12794 [1939 Code], stating that the proceedings must be commenced within one year after the order or judgment was made, by filing a verified petition setting out the order or judgment, and the facts justifying its vacation, and by bringing the other party into court in the same manner and by the same proceedings, respecting notice and service, as in an ordinary action. Des Moines Union Ry. Co. v. District Court, 170 Iowa 568, 153 N.W. 217; Workman v. District Court, supra.

"The appellee followed no such proceedings. The trial court therefore had no jurisdiction to render and enter the orders [of reinstatement] appealed from, and they are therefore reversed."

In the original case, with which we are concerned, the proper procedure would have been, "* * * by motion * * * to vacate * * * order because of irregularity in obtaining it * * * on or before the second day of the succeeding term." This was not done.

■■ III. There having been a dismissal of the original plaintiff's action a judgment by default thereafter could not be entered. At the time of the original judgment there was no pending action and the court was without jurisdiction to enter a default judgment. As bearing on the question here involved see Kiser v. Crawford, 182 Iowa 1249, 166 N.W. 577; Dallas v. Dallas, 222 Iowa 42, 44, 268 N.W. 516. In order to sustain a judgment subsequent to a dismissal the record must show a vacation of the dismissal. 27 C. J. S., Dismissal and Nonsuit, section 77, page 262.

The dissenting opinion filed herewith comments on the fact reference is made in the majority opinion to certain statutory provisions in effect at the time of the order of dismissal of May 23, 1923. We deem them controlling. It is interesting to note the minority opinion makes no definite reference to section 3764, 1897 Code (section 11562, 1924 Code), dealing with the right of the court to dismiss an action and section 4093, 1897 Code (section 12791, 1924 Code), relating to motion to correct

irregularity in obtaining judgment or order. It avoids any comment on the effectiveness of these statutes. The minority opinion apparently seeks to show the necessity of an entry of a judgment of dismissal. However, it should be kept in mind the statute, section 3764, 1897 Code, makes no reference to a judgment of dismissal but only to the court's right to dismiss.

We consequently hold the trial court was without jurisdiction to enter the judgment of January 12, 1924, and the court in the action to renew the judgment was in error in so holding in ruling on an application for determination of law points and thereafter, following submission of all the evidence in the pending action, in directing a verdict for plaintiff.

The cause is reversed and remanded for entry of a judgment for the defendants.—Reversed and remanded.

THOMPSON, C. J., and BLISS, SMITH, HAYS, LARSON, and PETERSON, JJ., concur.

OLIVER and GARFIELD, JJ., dissent.

OLIVER, J. (dissenting)—I respectfully dissent.

The original case against defendants was instituted late in 1922. Defendants' answer was filed December 19, 1922. The district court Journal shows the following entry, dated May 23, 1923:

"It is ordered that this cause be dismissed for want of prosecution unless trial notice be served at least 10 days prior to the next term of this court."

The trial notice was filed November 16, 1923, which was after the next (September) term of court had ended. There was no further order or judgment based upon failure to comply with the order of May 23.

Thereafter, the judgment here in question was rendered. The Judgment Entry recites:

"Now on this 12th day of January, 1924, the same being the 29th juridical day of the December, 1923 Term of this Court, came the plaintiff by Thos. O'Connor his attorney and demanded default and judgment against the defendants. And it appearing

to the Court from the return of service submitted for examination that due and legal service of a sufficient original notice had been given to said defendants, cause is reached for trial & Trial is had to the Court and the plaintiff thereupon submitted to the Court his pleadings and proofs and the Court being sufficiently advised in the premises finds that the plaintiff is entitled to maintain his action and recover the amount due on the two promissory notes sued on herein, which by order of Court are assessed by the Clerk and found to be $1238.06 debt with 8% interest and costs. It is therefore ordered and adjudged by the Court that the plaintiff W. H. Phelps have and recover of and from the defendants G. C. Varbel and C. C. Leeper the sum of $1238.06 debt with 8% interest thereon from this date, and $83.19 costs of suit herein made, and in default of payment thereof, that execution issue therefor.

"Read, signed and approved this 12th day of January, 1924. (signed) Frank Wilson, Clerk

"(Signed) D. W. Hamilton, Judge."

The majority opinion states: "It is the contention of the defendants * * * that in view of the dismissal of the original action the court was without jurisdiction to enter the 1924 judgment. * * * the order of May 23, 1923, effectively constituted a dismissal of plaintiff's action, * * *. There having been a dismissal of the original plaintiff's action a judgment [for plaintiff] by default thereafter could not be entered. * * * We consequently hold the trial court was without jurisdiction to enter the judgment of January 12, 1924 * * *."

I. Division I of the majority opinion concludes: "The present plaintiff cannot in the present action question the effectiveness of the dismissal of the original action." That conclusion is unsound. The present action is upon the 1924 judgment, which is regular upon its face. Defendants assail the validity of the 1924 judgment on the ground the action had been dismissed by the order of court of May 23, 1923. Plaintiff replies that the order of May 23 did not dismiss the case. The majority opinion holds plaintiff may not now question the effect of that order. The original judgment was not secret. The record shows one of the defendants, who took bankruptcy, attempted to schedule it

as a liability. However, there is no showing its validity was ever questioned prior to the present action to renew it. Yet the majority opinion holds, not that defendants may not now question the validity of the judgment, but that plaintiff may not, at this late date, assert its validity. That is not good law.

II. The majority opinion is largely devoted to statutes, rules and decisions involving the setting aside of dismissals and reinstating cases. The reason for this is not clear. It has no substantial bearing upon the case. There is no claim a dismissal has been or may be set aside. Plaintiff's contention is that there was no dismissal. The real issue is, Did the order of May 23, 1923, dismiss the case so that the court was without jurisdiction to render the January 12, 1924, judgment? This issue should not be screened by an extended discussion of another proposition.

III. Under Iowa statutes, rules and decisions, the act of the court dismissing an action, whatever title may be given it, must necessarily be a judgment or final order (as distinguished from an intermediate or interlocutory order). Whittier v. Whittier, 237 Iowa 655, 661, 662, 23 N.W.2d 435, and citations. See also Rules 219, 331, 332, Rules of Civil Procedure. ·

The majority opinion is based in part upon the erroneous assumption that in Iowa an order of dismissal differs from a judgment of dismissal. It states, "We are not here dealing with a judgment but an order." It states also: "The case of Hammon v. Gilson, 227 Iowa 1366, 1374, 291 N.W. 448, 452, deals with and refers to a judgment of dismissal rather than an order of dismissal." An examination of the cited case discloses the court there used interchangeably the expression, "order of dismissal", "order of court dismissing the action", and "judgment of dismissal."

In Des Moines Union Ry. Co. v. District Court, 170 Iowa 568, 570, 153 N.W. 217, 218, the entry stated: " 'It is hereby ordered that this case be and the same is hereby dismissed at plaintiff's costs.' " The decision frequently refers to such an order as a "judgment of dismissal."

· Likewise, Workman v. District Court, 222 Iowa 364, 269 N.W. 27, refers to the order dismissing the action, the judgment and order, the order and judgment, and, the judgment.

It is clear there is no legal basis for the assumption by the majority that, in Iowa, a judgment of dismissal, for noncompliance with rules or orders of court, is to be differentiated from an order of dismissal.

IV. The order requiring that trial notice be served was made May 23. At that time plaintiff was not in default. There was no subsequent order for a default or for judgment against plaintiff for default. Nor was there any application therefor.

The order in Weinhart v. Meyer, 215 Iowa 1317, 1318, 1321, 247 N.W. 811, recited: " 'May 14, 1932. Default is hereby granted against defendants.' " The court held this was a "simple" or "naked" default, stating no judgment was then or since entered on said default. "A naked default is not a substantial right, nor is it a final determination of the cause of action. It is simply a finding by the court that upon the record the plaintiff is entitled to a default. The court, in entering a naked default, does not determine whether or not the plaintiff is entitled to any damages or any relief. However, upon the entry of a default judgment, the court determines the amount the plaintiff is entitled to recover, and enters a judgment in such sum * * * ."

Walker v. Cameron, 78 Iowa 315, 319, 43 N.W. 199, 201, states: "The default is not the rendition of judgment, nor the equivalent thereof. A default is the admission of the plaintiff's cause of action, as stated in his petition, by failure to appear and answer thereto after having been duly served with notice. [Citation] The order for the default is not a judgment, but the formal declaration of an admission, which takes the place of evidence. A judgment is rendered upon the default as a judgment is rendered upon evidence. [Citation] No process can issue upon a default. The judgment is a final adjudication of the court."

The entry of May 23, 1923, recited: "It is ordered that this cause be dismissed for want of prosecution unless trial notice be served at least 10 days prior to the next term of this court." It is clear this was not a final order or judgment. Its language may not be fairly so interpreted. It was not even a simple or naked default. Nor could such default have been granted on May 23, when the order was made.

Battell & Collins v. Lowery, 46 Iowa 49, 53, states: "In the present case the action of the court does not purport to be the rendering of a present judgment. The language is: 'It is decreed that in the event such litigation shall result, etc., the plaintiffs have and recover,' etc. The event was in the future. As the recovery was dependent on it, that was in the future. If there was a present judgment, it was at most a judgment that there should be a judgment. But we cannot sanction such an anomalous proceeding."

Seals v. Wright, 37 Iowa 171, 174, states: "The language employed is not that of a final adjudication. It is not ordered that plaintiffs have judgment unconditionally, but that they shall have judgment provided, or under the condition that something shall first, as a condition precedent to such final judgment, be done."

Peterson v. Kissell, 148 Iowa 516, 517, 519, 125 N.W. 808, 809, points to the procedure essential to a dismissal for non-compliance with an order: "* * * the court ordered that, unless the ruling was complied with before the following Wednesday, the action would be dismissed. The plaintiff having failed to plead further, the court on November 10, 1904, dismissed the petition because of such failure to amend and entered judgment against plaintiff * * * and for costs. [In the Peterson case there was the preliminary order, substantially the same as the order in question in the case at bar, and later a final judgment of dismissal for noncompliance with the preliminary order.]

"* * * Section 3788 of the Code declares that 'if a party fails to file or amend his pleading * * * by the time fixed by the court * * * judgment by default may be rendered against him on demand of the adverse party, made before such pleading is filed.' A default is the failure to take the step required in the progress of an action, and a judgment by default is a judgment against the party who has failed to take such step. Such a judgment ordinarily is interlocutory, and not final in form, for upon entry something more is essential to the disposition of the cause."

The majority opinion states Kiser v. Crawford, 182 Iowa 1249, 166 N.W. 577, and Dallas v. Dallas, 222 Iowa 42, 44,

268 N.W. 516, bear upon the question here involved. Each of those cases involved voluntary dismissals by plaintiffs. The majority opinion is contrary to reason and to our decisions. It does not cite a single decision of this court in support of its holding on the basic issue whether the order of May 23, 1923, was a final order or judgment which terminated the jurisdiction of the court. There is no justification for changing the law by holding the court was without jurisdiction in the matter, and by holding also that the failure of the judgment debtors to timely assail the validity of the judgment, regular on its face, works to their advantage and bars the holder from defending its validity against their assaults.

V. The majority opinion concluded its reversal of the judgment rendered unnecessary the consideration of the various other grounds for reversal presented by defendants. Under the circumstances no substantial benefit would result from the consideration, in this dissent, of such other grounds.

GARFIELD, J., joins in this dissent.