R. S. FULLERTON v. THE CEDAR RAPIDS & MARION CITY RAILWAY COMPANY, Appellant.

**Instructions:** APPLICABILITY TO ISSUE: *Railroads.* Where the complainant alleged that the employes of defendant railroad, with knowledge that plaintiff's cows were on the track, negligently and wilfully allowed its car to run into the cows, etc., an instruction that, if defendant's employes did not stop the car as soon as they could do so after the discovery that the cows were on the track, the jury should find for the plaintiff, was erroneous, as submitting an issue not presented by the pleadings.

**COLLISION:** *Elements of negligence.* An instruction that if the car could not be stopped in time to avoid a collision with cows on the track, because of the speed at which it was going, the jury must find for the plaintiff for the damages which he has sustained, is erroneous where the evidence does not negative the fact that the cows may have appeared on the track suddenly and very near to the car.

**Appeal Certificate:** AMOUNT IN CONTROVERSY. A certificate from the trial judge is not necessary in order to give the supreme court jurisdiction on an appeal from a judgment for plaintiff in an action for injuries to live stock in which appropriate allegations and a prayer for double damages, amounting to more than one hundred dollars, was made, although the plaintiff was restricted by the judgment to single damages, and his claim for double damages disallowed.

*Appeal from Linn District Court.*—HON. WILLIAM P. WOLF, Judge.

WEDNESDAY, FEBRUARY 3, 1897.

ACTION at law to recover one hundred and ten dollars for injuries to live stock, alleged to have been caused by negligence on the part of the defendant. There was a trial by jury, and a verdict and judgment

in favor of the plaintiff.   The defendant appeals.—
*Reversed.*

   *Charles A. Clark* for appellant.

   *Richard A. Stuart* for appellee.

   ROBINSON, J.—The petition alleges that the defend-
ant is engaged in operating a railway between Cedar
Rapids and Marion, and was so engaged on the fifth
day of May, 1894; that on that day it suffered
one of its cars to be run at an unusual and reck-
less rate of speed, and to become unmanageable
and beyond the control of the persons in charge of it,
thereby causing it to run over two cows which were
owned by the plaintiff; that the defendant, its
agents and employes, negligently, wilfully, reck-
lessly, and carelessly ran into, over, and against the
cows after they had seen them on the railway tracks,
and, through the carelessness, negligence, and reckless-
ness of said agents and employes, allowed the car to run
over the cows, and failed to stop it, although they had
abundant time and opportunity to do so; that the
injury occurred in the evening, and the defendant
negligently failed to provide the car with a sufficient
headlight; that the acts of the defendant stated were
grossly careless and negligent, and caused the death
of one of the cows, and an injury to the other, to the
damage of the plaintiff in the sum of fifty-five dol-
lars; and that the injury was not caused by the wilful
acts of the plaintiff or his employe.   The petition
further alleges, that on the seventh day of May, 1894,
the plaintiff served on the defendant notice of the
killing of one cow, and on the twelfth day of June,
1894, notice of the injury to the other; that the
notices were in writing, verified by the plaintiff, and
claimed damages in the sum of fifty-five dollars; that

the defendant failed to pay the amount claimed. Wherefore judgment for double that amount is demanded. The answer contains a general denial, and a counter-claim for damages in the sum of one hundred dollars to the car, which are alleged to have resulted from the negligent and unlawful act of the plaintiff in permitting the cows to be at large. The verdict and judgment were for the sum of fifty-five dollars, besides costs.

I. The plaintiff has filed a motion to dismiss the appeal on the ground that the amount involved is less than one hundred dollars, and the trial judge has not certified any question for our determination. The amount in controversy, as shown by the pleadings, exceeds one hundred dollars. The petition demands judgment for twice the amount of damages sustained, on account of the failure of the defendant to pay that amount within thirty days after the notice of it and the claim for payment were served. For some reason the district court did not permit the jury to return a verdict for more than the actual damages sustained, but we do not understand that the plaintiff had waived his claim to double damages. The fact that he recovered less than one hundred dollars did not make it necessary to procure a certificate from the trial judge in order to give this court jurisdiction of the cause by the service of the notice of appeal. The motion to dismiss is therefore overruled.

II. The court charged the jury as follows: "If you find from the evidence that the defendant's employes did not stop the said car which caused the accident as soon as they could do so after discovering that the cows were on the track, * * * then you will find for the plaintiff." The defendant complains of that portion of the charge on the ground that it submitted an issue not presented by the

pleadings, and we are of the opinion that the objection is well founded. The petition does not aver, in substance or effect, that the defendant or its employes who were operating the car were negligent in failing to discover the cows, but charges that, with knowledge of their presence on the track, the employes negligently and wilfully ran the car against them.

III. The jury was also charged as follows: "* * * If you find that the car could not be stopped in time to avoid the accident, by reason of the speed with which it was going, then you will find for the plaintiff for the damages which he has proved he sustained." The appellant justly complains of this portion of the charge. It may have been impossible to stop the car in time to avoid the accident, without fault on the part of the defendant. The rate of speed may not have been unreasonable or dangerous, and the car may have been operated at the time with all the care and diligence which could have been reasonably required, and yet it may have been impossible to stop the car in time to avoid the collision. The rate of speed may not have caused the accident. It occurred at night, and the cows may have appeared on the track suddenly, and very near to the car, while it was moving at an ordinary and reasonable rate of speed, and yet it may not have been possible for the employes in charge of it to prevent its running against the cows.

IV. Other questions, some of which relate to the evidence, are discussed by counsel, but, as they are not likely to arise on another trial, they will not be determined. What we have said disposes of the important questions in the case. The judgment of the district court is REVERSED.