CATHARINE WALD v. GEORGE WALD, Appellant.

Appeal: AMOUNT IN CONTROVERSY. Even though a judgment is en-
1  tered for only $100.00, still an appeal will lie without a certificate,
   where the judgment consistently with the pleadings might have
   exceeded that sum.

Suit money. Where a divorce is denied, after a trial upon the merits,
2  the court has no jurisdiction to award suit money.

*Appeal from Sac District Court.*— HON. S. M. ELWOOD,
Judge.

WEDNESDAY, MAY 11, 1904.

SUIT for divorce on the ground of habitual drunkenness.
There was a decree denying the divorce, but allowing the
plaintiff $100 attorney's fees. The defendant appeals.—
*Reversed.*

*Chas. D. Goldsmith,* for appellant.

*A. P. Searles* and *W. A. Helsell,* for appellee.

*Per curiam.*—The point is made that we have no jurisdiction of the case, because the judgment rendered against the defendant does not exceed $100, and no certificate was made by the trial court. The prayer of the petition asked for $1,500 alimony, and temporary alimony and attorney's fees, without specifying the amount. The amount of the judgment rendered does not determine the jurisdiction of this court on appeal. *Fullerton v. Cedar Rapids & M. C. Ry. Co.,* 101 Iowa, 156. If, under the pleadings, the court could have consistently rendered a judgment for more than $100, this court has jurisdiction of the appeal without a certificate of the trial judge. *Madison v. Spitsnogle,* 58 Iowa, 369; *Thompson v. Jackson,* 93 Iowa, 376. The amount of temporary alimony and suit money which shall be allowed in a given case is largely a matter of discretion with the trial court, and, under the allegations and prayer of the petition, the court was not limited to the sum awarded; hence we think no certificate was necessary to give us jurisdiction.

No order for suit money was made until after a trial on the merits, and a judgment that the plaintiff was not entitled to a divorce. The court then had no power to make the allowance under the facts presented in this case. The same principle is involved here that was considered and determined in *Sherwin v. Maben,* 78 Iowa, 467.

We still adhere to the conclusion there reached, and the judgment is REVERSED.