F. C. HARTUNG, Appellant, v. E. E. OLDFIELD.

**Partnership:** SALE OF BUSINESS: AGREEMENT NOT TO ENGAGE IN BUSINESS. In a suit by a partner to recover one half of a cash item paid to the other partner in connection with the sale of firm property, the evidence is considered and held to show that the item was a part of the consideration for the sale and was not paid to the partner individually on his promise not to re-engage in business.

*Appeal from Calhoun District Court.*— HON. Z. A. CHURCH, Judge.

WEDNESDAY, MAY 11, 1904.

OLDFIELD BROS. had been engaged in the mercantile business at Rockwell City for some years prior to April 25, 1903, at which time plaintiff bought a half interest therein, and, with the defendant, formed a partnership under the firm name of Oldfield & Hartung. On the 12th day of August of the same year a sale of the entire stock was made to J. Reed & Son. The negotiations were conducted entirely by the defendant. The partnership accounts were settled between them, save the item in dispute. The nature of this will appear from the opinion. On hearing the petition was dismissed, and plaintiff appeals.— *Reversed.*

*M. W. Frick* and *W. E. Gray,* for appellant.

*E. C. Stevenson,* for appellee.

LADD, J.—The sale of the stock of merchandise by Oldfield & Hartung to J. Reed & Son was negotiated by the defendant with Dana Reed. According to the written agreement, the purchase price was the cost at wholesale, with one and one-half per cent. added on all goods on which freight had not been prepaid by the consignor; $5,000 to be paid upon the completion of the invoice, and the balance September 20, 1901. Besides this, Reed & Son paid defendant $350, and this item is the subject of the present controversy; the plaintiff contending it was in part payment of the stock of goods, and the defendant that it was consideration of a subsequent agreement on his part not to engage in business in Rockwell City again. This was the only issue in the case, and, as the cause was heard as in equity, it is triable *de novo* in this court. Manifestly, Oldfield, after selling the stock,

might have agreed, as an individual, for a consideration to be paid to himself, not to engage in the mercantile business in Rockwell City again. It is equally clear that, if $350 was part consideration for the sale of goods, one-half of that sum should have been paid to Hartung. A careful examination of the record has convinced us that the payment was in addition to the price stipulated, and a part of the consideration of the contract for the transfer of the stock. In response to Hartung's suggestion that more than cost should be secured, Oldfield explained that, in so large a deal, this would be improbable. But he tried to obtain more, though whether he so informed Hartung is in dispute. In either event, all information of the arrangement for and payment of $350 was withheld from him, and was not ascertained until several months later. Reed testified that he agreed to, and did, pay Oldfield that sum, as a part of the purchase price, and is somewhat corroborated by another witness, who says he heard Oldfield state that there was to be a bonus. Reed drew the money on a check payable to himself, and handed it to defendant. This was the day after the invoice was completed, and, as Reed asserts, the payment was in money, instead of by check, to conceal the matter from Hartung. All other payments were by checks to the firm.

Again Reed testified that both partners had promised not to enter business again, but that, as defendant changed his mind, he refused to make payment until the agreement was reduced to writing, when Oldfield signed one in words as following: " It is agreed by E. E. Oldfield as a part of the contract made the 12th day of August, 1901, between Oldfield and Hartung on the one part and J. Reed & Son on the other part that said E. E. Oldfield shall not engage in the business of a general merchant in Rockwell City, Iowa, for the term of twenty-five (25) years while said J. Reed & Son or either of them shall be engaged in such business in said Rockwell City. This agreement is supplemental to and a part of the contract of sale of said above date. Dated this

17th day of August, 1901." It is to be observed that the amount of consideration is not mentioned, and, according to Reed, this was omitted in order to keep from Hartung evidence of any additional payment. It is also to be noted that the agreement purports to be entered into as a part of the original contract. At the same time a receipt stating the amount and for what paid, was given to Reed. The caution defendant appears to have exercised to conceal the transaction from his partner toward whom he should have acted openly and with perfect candor, the fact that the money was paid immediately upon the completion of the invoice, and the treatment of the supplemental agreement not to enter business again as a part of the original contract, all strongly confirm Reed's testimony, and incline us to reject the claim of defendant that the payment of $350 had no connection with the original contract, but was paid to him as a consideration for agreeing not to engage in business again in pursuance of an arrangement made subsequent to the completion of the sale.

Judgment should have been rendered against the defendant for $175, with interest at the rate of six per cent. per annum from August 17, 1901.— REVERSED.