MINNIE MILLER et al., Appellants, v. KATHRYN PAULSON, Appellee.

IN RE ESTATE OF KATHRYN PAULSON.

**COSTS: Unsuccessful Plaintiff in Guardianship.** An unsuccessful plaintiff in proceedings for guardianship, even though he acted in good faith, may not have his attorney fees and costs taxed to the successful defendant.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

MARCH 15, 1921.

PLAINTIFFS, and Roadifer & Roadifer and H. L. Robertson, attorneys for plaintiffs, appeal from the judgment of the court below dismissing certain claims filed by them against the guard-

ian and estate of Kathryn Paulson, and against Kathryn Paulson, appellee herein.—*Affirmed.*

*Roadifer & Roadifer* and *H. L. Robertson,* for appellants.

*Turner & Cullison,* for appellee.

PER CURIAM.—The appellants, Minnie Miller, Mary Doyle, and Nancy Doyle, some time prior to August 17, 1914, employed Roadifer & Roadifer and H. L. Robertson, attorneys at Logan, to commence and prosecute an action in the district court of Harrison County, Iowa, for the appointment of a guardian for the said Kathryn Paulson, their mother, who, they allege in their petition, filed on the above date, was a person of unsound mind. Plaintiffs prevailed in the district court, and one George W. McCoid was appointed guardian. Upon appeal to this court, the judgment was reversed. *Miller v. Paulson,* 185 Iowa 218. Later, plaintiffs' petition was dismissed. The opinion reversing the judgment in the court below was filed on October 25, 1918, and on November 8th following, plaintiffs filed a claim, in which Roadifer & Roadifer and Robertson joined, in the office of the clerk of the district court of Harrison County, against Kathryn Paulson and her guardian, as follows, to wit: $1,300 paid Roadifer & Roadifer and H. L. Robertson for services rendered as attorneys for plaintiffs in the district court in the action for the appointment of a guardian; costs incurred in the district and Supreme Court in said action in the sum of $1,329.85; and also for an additional allowance of $1,000 attorney fees for the services rendered by said attorneys for plaintiffs in the Supreme Court. The court refused to allow any part of said claims.

Apparently, the immediate cause of the institution of the action for the appointment of a guardian for Kathryn Paulson was the conveyance by her in March, 1914, of 160 acres of land to her son Henry W. Paulson and 120 acres to her son Harry N. Paulson for what appears to have been a wholly inadequate consideration.

During the pendency of the appeal of the original action for the appointment of a guardian, McCoid filed a petition in the office of the clerk of the district court of Harrison County,

setting up said conveyances to Henry W. and Harry N. Paulson, and asked the court for an order authorizing him to commence separate actions to set said conveyances aside, and to employ Roadifer & Roadifer and H. L. Robertson as attorneys for that purpose. An order granting authority as prayed was granted by one of the judges of the district court of Harrison County, February 10, 1915. Actions were commenced and petitions filed, but nothing further was done, except to dismiss these petitions. No separate allowance is asked for the services rendered by said attorneys in these actions, and the witnesses in their testimony fixed the value of all the services performed, as a whole.

There is little to be said upon the propositions discussed by counsel for appellant. Section 3853 of the Code provides that costs shall be recovered by the successful party against the losing party. It is suggested that plaintiffs, in commencing the action for the appointment of a guardian for Kathryn Paulson, were acting in good faith, and under the belief that she was a proper subject for guardianship. If this were conceded, the result would have to be the same. The defendant ultimately prevailed, and was, therefore, the successful party. Plaintiffs may have been influenced in prosecuting an action for the appointment of a guardian by the belief that it was necessary to preserve the property of their mother and protect her in the enjoyment thereof during the remainder of her life. This, however, can make no difference, under the statute in the taxation of costs. Our attention is called to no statute or decision of this or any other court as authority for the establishment of plaintiff's claim for attorney fees expended by them in the litigation for the appointment of a guardian against either Kathryn Paulson or McCoid, who acted as her guardian during the time the case was pending in this court on appeal. Attorney fees are allowable against the adverse party only when authorized by statute. It is true that the services rendered by plaintiffs' attorneys in this court were directed to sustain the verdict of the jury, finding Kathryn Paulson to be of unsound mind. The reversal of the judgment was followed by the voluntary dismissal by plaintiffs of the petition. This was made necessary by the decision upon the merits, reversing the judgment below. The cases cited by counsel for appellant do not sustain their

contention. It is unnecessary to review these cases. In the absence of statute conferring authority upon the court to tax the fees of plaintiffs' attorney in an action for the appointment of a guardian for a person alleged to be of unsound mind against such person, the court is without power to do so. The conclusion of the court below was right, and is—*Affirmed.*