WILLIAM D. DALLAS, Appellee, v. HAZEL DENTON DALLAS and J. G. KAMMERER, Appellants.

No. 43377.

JULY 31, 1936.

J. F. Devitt, for appellee.

J. G. Kammerer, for appellant.

RICHARDS, J.—In this equity action before us on appeal plaintiff sought to annul an order that had been entered by the same court in a divorce action previously pending therein. In the divorce action William D. Dallas, appellee herein, was plaintiff and Hazel Denton Dallas, appellant, was defendant. The order taxed against plaintiff $25 for defendant's attorney's fees. Plaintiff claims this order was void and bases his contention on two propositions. First, plaintiff says that the presiding judge was without jurisdiction because a motion for change of place of trial had been filed by plaintiff, supported by affidavit that the presiding judge was so prejudiced against plaintiff that he could not obtain a fair trial, upon which motion the court had entered an order of continuance to a certain date ''in order to afford plaintiff an opportunity to secure attendance of another judge with the condition that if another judge cannot be secured, the presiding judge at the term aforesaid will hear the motion.'' The other ground of plaintiff's contention is that prior to the time the court taxed the attorney fees the plaintiff had fully dismissed the divorce action in which the fees were taxed. Upon a hearing of the case before us the district court found that the order in question had been entered after an affidavit of prejudice had been filed against the presiding judge, and after the plaintiff's case had been dismissed. The record fully warranted this finding. The court further held that at the time the order was made the court had no jurisdiction over plaintiff and no power or jurisdiction to enter the order, and decreed that the same be canceled and held for naught. We find no error in the conclusion reached by the district court.

The record discloses that the defendant in the divorce action, relying on the provisions of section 10478, Code 1931, had filed an application for temporary alimony and attorney fees to enable her to defend the action. Nothing in nature of a cross-petition for divorce or separate maintenance was filed by defendant. Before the submission of said motion the plaintiff dismissed the case. Thereafter the defendant's attorney orally moved the court to tax as costs against plaintiff an attorney fee of $25 to compensate defendant's attorney for services theretofore rendered in the case. This oral motion was sustained and the court entered the order involved in this appeal, taxing as costs against plaintiff $25 for defendant's attorney's fees.

We are of the opinion that in the equity action now

before us on appeal, the district court correctly held that after the divorce action had been dismissed there was in the court no power to order taxed to plaintiff the attorney fees in question. The dismissal of the divorce action terminated the jurisdiction of the court therein. After the dismissal there was nothing pending before the court upon which its jurisdiction could rest, Kiser v. Crawford, 182 Iowa 1249, 166 N. W. 577; Bardes v. Hutchinson, 113 Iowa 610, 85 N. W. 797; although upon dismissal a judgment for costs could be rendered against the plaintiff so dismissing, this being· by reason of express provisions of section 11633, Code 1931. But in entering a judgment for costs upon dismissal there was in section 10478 no warrant to allow attorney fees because the power conferred by section 10478 is limited to the making of an allowance to enable the party benefited thereby to defend the issues tendered in a divorce action or to prosecute such action. Obviously after dismissal there was no such action to be defended or prosecuted for which allowance of attorney fees could be made. Nor in fact does the order purport to have been made under section 10478 for the purpose of enabling defendant to defend the divorce action (which had been dismissed), but the record is that the court made the allowance upon an oral motion for an order to compensate defendant's attorney for the services he had performed up to that time in the divorce action. In the state of the record we think there was no warrant or authority in section 11633 to include, as court costs, the attorney fees of defendant's attorney. For it is well established that attorney fees are allowable as costs against the adverse party only when expressly authorized by statute. Miller v. Paulson, 191 Iowa 71, 181 N. W. 757. We have also held that:

"It is well settled in this and other jurisdictions that neither a court of law nor of equity has inherent power to tax costs to the losing party in any action." Hensen v. Hensen, 212 Iowa 1226, 1227, 238 N. W. 83, 84.

There having been no statutory authority therefor, the court was without power to tax attorney fees in the state of the record at the time the order was made. Defendant's attorney may have had a cause of action against defendant and under certain circumstances against plaintiff for services he had rendered, but that was a cause of action to be litigated in some proper manner other than that in which the district court at-

tempted an adjudication. The conclusion makes unnecessary the consideration of plaintiff's other contentions.

██ In the foregoing we have considered the merits of the issues as they were before the district court. But the appellant contends that neither the district court nor this court may determine these issues raised by plaintiff because, as appellant claims, there had been a former adjudication of all matters between these parties before the commencement of the instant case. To sustain such claim appellant points out the following matters: Subsequently to the entry of the order taxing the attorney fees in the divorce action plaintiff served on defendant notice of appeal therefrom; thereafter plaintiff having failed to file his abstract in this court within the statutory period, defendant filed a motion setting out that fact and alleging that the supreme court was without jurisdiction to entertain the appeal because less than one hundred dollars was involved, and moved that the judgment below be affirmed or the appeal dismissed; upon said motion this court entered an order affirming the judgment below. Appellant contends that such affirmance constitutes a former adjudication of all issues raised in this equity case at bar, which was commenced subsequently to such affirmance. We cannot sustain appellant's contention, one reason being found in the fact that a former judgment will not be effectual as a bar to an action unless it was rendered upon a trial upon the merits. If the trial went off on a technical point the judgment will be no bar. The affirmance in this court was not upon the merits. It was a judgment of affirmance for the reason that proper steps were not taken by plaintiff to secure a hearing on the merits. After the affirmance the case stood just as though it had never been appealed. Trescott v. Barnes, 51 Iowa 409, 1 N. W. 660. Finding no error in the decree from which this appeal was taken, the same is affirmed.—Affirmed.

PARSONS, C. J., and HAMILTON, DONEGAN, MITCHELL, KINTZINGER, STIGER, and ALBERT, JJ., concur.