ROBERT J. THORN, plaintiff-petitioner v. HONORABLE ED J. KELLEY, Judge of the District Court in and for Wright County, defendant-respondent.

No. 51598.

(Reported in 134 N.W.2d 545)

April 6, 1965.

Willie & Willie, of Eagle Grove, for plaintiff.

Maddocks & Knoshaug, of Clarion, for defendant and plaintiff in the lower court, Florine Thorn.

GARFIELD, C. J.—We granted certiorari to review the taxation against a husband of fees for his wife's attorneys upon dismissal by the court, after trial, of an action for divorce brought by the wife. The husband, defendant in the divorce action, is plaintiff in this certiorari action. See rule 307, Rules of Civil Procedure.

Plaintiff's wife sued him for divorce, alleging he had been guilty of such inhuman treatment as to endanger her life. After a contested trial the court's final decree held plaintiff had failed to carry her burden to prove such treatment, her petition must be dismissed at defendant's (plaintiff in certiorari) costs and as part of the costs fees of $250 for her attorneys shall be taxed. Only the taxation of attorney fees is now challenged.

In Wald v. Wald, 124 Iowa 183, 184, 99 N.W. 720, the facts were identical with those here except the alleged cause for divorce was habitual drunkenness. Upon appeal of the husband, who was successful except for the allowance against him of attorney fees for plaintiff-wife, we held:

"No order for suit money was made until after a trial on the merits, and a judgment that the plaintiff was not entitled to a divorce. The court then had no power to make the allowance under the facts presented in this case. The same principle is involved here that was considered and determined in Sherwin v. Maben, 78 Iowa 467.

"We still adhere to the conclusion there reached, and the judgment is reversed."

In Stockman & Hamilton v. Whitmore, 140 Iowa 378, 380, 118 N.W. 403, attorneys brought action to recover from the husband for services rendered by them to the wife in a divorce suit brought in her behalf. After trial the district court dismissed the divorce petition and the wife appealed to this court. She later dismissed her appeal without the consent of her attorneys and contrary to their opinion. A demurrer to the attorneys'

petition to recover for their services was sustained and we affirmed the judgment thereon. This is from the opinion: "II. The court before which a divorce case is tried is clothed with power to award suit money and attorney's fees pending litigation, and before the determination of the merits of the case. Such power is ample protection to the wife, and ample remedy to her attorneys. After the determination of a divorce case upon its merits adversely to the plaintiff, even the court trying such case loses its power to award further attorney's fees. Wald v. Wald, 124 Iowa 184."

The Stockman opinion goes on to distinguish Porter & Moir v. Briggs, 38 Iowa 166, 18 Am. Rep. 27, and Clyde v. Peavy, 74 Iowa 47, 36 N.W. 883, where the husband was held liable for the wife's attorney fees on the ground the husband in each case brought the divorce action against the wife, charging her with adultery, and the wife was not in court of her own volition. The two decisions last cited are placed on the ground defense of the wife from the charge made against her was a necessary and the law raises an implied promise to pay for the services. Porter & Moir v. Briggs states (pages 169, 170 of 38 Iowa): "There may be a wide difference as to the liability of the husband between the case where the wife prosecutes the action and one which is brought by the husband. * * * In order to fix his liability, the services must be shown to be necessary, within the rule we recognize, for the protection of the wife's person, liberty or reputation."

Read & Read v. Dickinson, 151 Iowa 369, 130 N.W. 160, holds the husband liable, on the authority of Porter & Moir v. Briggs and Clyde v. Peavy, both supra, for services of attorneys for the wife in defense of the husband's cross-petition for divorce on the ground of adultery. Thus the rule seems to be that it is immaterial whether the services of the wife's attorney are in defense of the husband's original action for divorce or a cross-petition by him asking such relief. In either event the husband may be held liable for services of an attorney in defense of the charge against her if the necessity therefor appears. Plaintiff in the present certiorari action filed no cross-petition for divorce but merely defended the action brought by his wife.

█ Wick v. Beck, 171 Iowa 115, 153 N.W. 836, L. R. A. 1915F 1162, Ann. Cas. 1917A 691, discusses the liability of the husband for the wife's attorney fees in divorce cases more fully than any Iowa decision that has come to our attention. After consideration of our earlier opinions and many from other jurisdictions, "The holding, then, is that, to entitle an attorney to recover for services rendered the wife in divorce proceedings, it must appear that such services were necessary for the protection of the wife" (page 130 of 171 Iowa).

This is also from the Wick opinion (pages 129, 130): "To hold that a wife can commence a suit against her husband for a divorce, without legal grounds therefor, and compel the husband to pay attorneys' fees incurred by her in the prosecution of the suit, whether she afterwards dismiss the suit, or whether it is adjudged against her, would not be consonant with reason or the policy upon which the rule of necessaries rests."

Wick v. Beck (at page 126) thus analyzes Wald v. Wald, supra, 124 Iowa 183, 99 N.W. 720: "[It] was an action for a divorce on the ground of habitual drunkenness. There was a decree denying the divorce. No order for suit money was made until after a trial upon the merits and the judgment that the plaintiff was not entitled to a divorce. This court said: 'The court then had no power to make the allowance under the facts presented in the case.' We assume that this holding was upon the theory that the judgment against the plaintiff conclusively established that she was not entitled to a divorce, and that there was no necessity for her commencing the action and the services of the attorneys could not be deemed necessaries for which she could pledge the credit of her husband, or which she could require him to furnish."

The result reached in Wick v. Beck is that an attorney was denied recovery from the husband even for services rendered the wife in defense of the husband's cross-petition for divorce on the ground it did not appear the services were necessary for the wife's protection.

There is a dissenting opinion in the Wick case. However it states (pages 139, 140 of 171 Iowa): "All of our decisions recognize the difference between services rendered by counsel in aid

of an action brought by the wife, which fails for some reason or for no reason, and like services rendered when the action is by a husband against the wife, especially where, as here, not only the good name and the fame of the wife are involved, but also her right to support." The dissent also observes (page 142) "there is much reason for saying that if they [married women] bring divorce suits against their husbands, and are unsuccessful, attorneys should look to them alone for their pay."

Division IV of the annotation in 25 A. L. R. 354 et seq. is devoted to Iowa decisions on the liability of a husband in an independent action for services rendered by an attorney to the wife in a divorce suit. The rule in Iowa is said to be "that an attorney may hold the husband liable for legal services rendered the wife in divorce proceedings, where it appears that the services were necessary for her protection" (page 358).

We have considered the precedents cited by attorneys for plaintiff's wife in defense of the certiorari action. McCarty v. McCarty, 169 N.W. 135, 137 (not in Iowa Reports), deserves special mention. The wife there brought suit for divorce, after trial the petition was dismissed and a fee of $500 for the wife's attorneys was allowed against the husband. Upon the latter's appeal from the decree the only question raised regarding this allowance is that it was excessive. The power of the court to make it or propriety of making any allowance seems not to have been challenged. We saw no abuse of discretion in allowing the $500. Since only the amount of the allowance was questioned, the decision cannot be deemed in conflict with Wald v. Wald, supra, 124 Iowa 183, 99 N.W. 720, nor the other opinions which approve it.

We see no escape from the conclusion that unless Wald v. Wald, which has been approved at least twice in later opinions, is to be overruled we must hold the trial court was without power to tax against the husband a fee for the wife's attorneys upon dismissal of her petition for divorce. We are not persuaded a rule of such long standing should be overruled.

Counsel seeking to uphold the court's order assert two Code sections grant jurisdiction to make the order complained of— 598.11 and 598.14. We will consider the latter first. It provides

in pertinent part, "When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right." ·

·· ▆ Any claimed power section 598.14 confers is conditioned upon the decreeing of a divorce. Oliver v. Oliver, 216 Iowa 57, 58, 248 N.W. 233. None was decreed here. The quoted statute is broad enough to permit an award in favor of a spouse—usually the wife—against whom a divorce is decreed (Andreesen v. Andreesen, 252 Iowa 1152, 1160, 110 N.W.2d 275, 279, and citations) but not where no divorce is decreed in favor of either spouse.

▆ So far as pertinent Code section 598.11 provides, "The court may order either party to pay the clerk a sum of money * * * to enable such party to prosecute or defend the action." There is nothing to indicate the wife sought or the court granted an allowance of attorney fees under this provision, to enable her to prosecute her action. As stated, she was not called upon to defend any cross-action by her husband. ·

"* * * the power conferred by section 10478 [now 598.11] is limited to the making of an allowance to enable the party benefited thereby to defend the * * * divorce action or to prosecute such action." Dallas v. Dallas, 222 Iowa 42, 44, 268 N.W. 516, where, as here, the order for attorney fees did not purport to be made under what is now 598.11. See also 17 Am. Jur., Divorce and Separation, sections 632, 635. ·

Applications for allowances under this statute are usually made in advance of the trial or in any event before final submission of the case. Frequently the court makes an advance allowance where relief under section 598.11 is deemed proper. We have approved making such an allowance to meet the immediate needs of the spouse, usually the wife, to prosecute or defend the action and in the final disposition of the case add thereto such sum as appears just and equitable under all the circumstances. Main v. Main, 168 Iowa 353, 359, 150 N.W. 590. We may say, too, an applicant for relief under section 598.11 is not required to prove in advance that she, or sometimes he, is entitled to prevail in the divorce action. Lindsay v. Lindsay, 189 Iowa 326,

333, 178 N.W. 384, and citations. See also 27A C. J. S., Divorce, section 222a and b, pages 964 to 966.

While it is quite possible the wife could have procured an allowance for attorney fees here by proceeding under section 598.11 we do not understand she so proceeded nor does it appear the court acted thereunder.

■ ■ There is another ground upon which the allowance of attorney fees here might be held illegal within the meaning of rule 306, Rules of Civil Procedure, relating to certiorari, were the point raised. The attorney fees were ordered taxed as part of the costs. The right to recover attorney fees as part of the costs does not exist at common law. They cannot be so allowed in the absence of a statute or agreement expressly authorizing it. In order that they may be so taxed the case must come clearly within the terms of the statute or agreement. Indeed the court does not have inherent power to tax costs even to the losing party. Harris v. Short, 253 Iowa 1206, 1208–1210, 115 N.W.2d 865, 866, 867, and citations; Dallas v. Dallas, supra, 222 Iowa 42, 44, 268 N.W. 516; 20 C. J. S., Costs, section 218a.

We know of no statute which expressly authorizes taxation of these attorney fees as part of the costs. It is not claimed there was an agreement therefor. Since this point is not argued our decision is not based thereon.

■ As indicated, attorneys who acted for the wife in the divorce suit appeared in this certiorari action on behalf of defendant-court and filed a printed brief of eight pages. In so doing they acted in accordance with prevailing practice. Defense to certiorari actions is usually made, on behalf of the tribunal whose order is attacked, by counsel for the party who there prevailed. These counsel filed a motion here for the allowance against plaintiff-husband of fees to them for defending the present action in this court. The motion asserts and it is admitted the wife died before the petition for the writ of certiorari was filed, she left no estate and none has been opened. The motion was ordered submitted with the present action. The entire controversy was submitted to us without oral argument since none was requested.

Plaintiff's resistance to the motion above referred to alleges

the judgment for attorney fees is a lien upon his land, the attorneys in whose favor it runs refused to release it and thereby necessitated this action. Not to be outdone by the movants, plaintiff's attorneys ask that a reasonable fee for their services in this court be allowed against the movants. This request is denied as unauthorized by statute, rule or decision.

We also deny the motion of the attorneys who acted for the deceased wife for allowance by us against plaintiff of fees for defending the certiorari action. We have held the award was in excess of the court's power under the facts presented. Since the wife died, it is clear the attorneys are not acting for her but for themselves. The authorities are divided on whether an attorney is ever entitled to fees for acting for himself. See 20 C. J. S., Costs, section 218b, page 460; 14 Am. Jur., Costs, section 72. Without expressing an opinion on this point, we are not persuaded attorneys can or should recover fees against the party who is successful here for services rendered for themselves in defense of such an order.

The order of defendant-court taxing fees for the wife's attorneys against plaintiff is—Annulled.

All JUSTICES concur except THOMPSON, J., who takes no part.