**IN THE COURT OF APPEALS OF IOWA**

No. 14-1843
Filed October 28, 2015

**Upon the Petition of**
**BRANDY MARIE MYERS,**
        Petitioner-Appellant,

**And Concerning,**
**TODD ALAN COSBY,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael J.

Schilling, Judge.


        A mother who successfully brought a contempt action against the father of

her child for failure to pay child support appeals the district court's denial of

attorney fees.  **AFFIRMED.**


        Jennifer E. Klever-Kirkman of Robberts, Kirkman & Engler, L.L.L.P.,

Burlington, for appellant.

        Todd Alan Cosby, Donnellson, appellee pro se.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

The question in this appeal is whether a custodial parent who successfully brings a contempt action under Iowa Code section 600B.37 (2013) to enforce a child support order is entitled to attorney fees. In response to Brandy Myers's petition, the district court found Todd Cosby willfully failed to pay child support. But the court denied Myers's request for Cosby to pay her attorney fees, finding no statutory authority for the award. Because section 600B.37 does not expressly authorize the award of attorney fees, we affirm the district court's ruling.

Myers and Cosby are the unwed parents of a child born in 2011. In January 2014, the court signed a consent decree submitted by the parents. The decree provided joint legal custody and placed physical care with Myers. The decree ordered Cosby to pay $419 per month in child support, $115 per month in cash medical support, and $137.50 per month toward child care. The decree also ordered Cosby to pay $2000 in attorney fees to Myers in increments of $85 per month.

On May 5, 2014, Myers filed an application for rule to show cause, alleging Cosby was $1149.04 behind in his child support and other payments required under the consent decree. The district court held a show-cause hearing. The court found Cosby willfully and deliberately failed to pay child support and attorney fees as required by the consent decree. In a dispositional order entered July 7, 2014, the court sentenced Cosby to serve five days in jail,

but suspended the sentence for one year if Cosby cured the support arrearage, which had mounted to $1324.69 as of the trial date.

Myers asked for $812.50 in attorney fees for prosecuting the application for rule to show cause. The district court stated it was "reluctantly" denying the claim for attorney fees, but allowed additional argument on the issue. Following further briefing, the district court issued a detailed and thorough analysis, concluding no statute provided authority for an attorney fee award in this kind of action. The court noted Myers's persuasive public policy arguments, but suggested they were "better addressed to the legislature." Myers challenges the denial of attorney fees on appeal.[1]

Because her appeal raises the question whether Myers was entitled to recover attorney fees under the applicable statute, our review is for the correction of errors at law. *See City of Riverdale v. Diercks*, 806 N.W.2d 643, 652 (Iowa 2011).

The right to recovery of attorney fees as costs did not arise as part of our common law. *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010) (citing *Thorn v. Kelley*, 134 N.W.2d 545, 548 (1965)). Accordingly, a district court

---

[1] Myers filed a notice of appeal to challenge the attorney fee ruling following the contempt action. If Cosby had opted to challenge the contempt finding and jail sentence, his remedy would have been certiorari. *See generally In re Marriage of Welsher*, 274 N.W.2d 369, 371 (Iowa 1979) (holding no appeal lies for order to punish for contempt). If the court had not found Cosby in contempt, Myers would have had the right to appeal. *See id.* Given the unusual procedural posture in this case, we conclude an appeal was the appropriate remedy. But if we are mistaken, we decline to dismiss the appeal and proceed as though the proper form of relief had been sought. *See* Iowa R. App. P. 6.108.

Cosby appeared without counsel in the district court and did not file a brief on appeal.

may only tax attorney fees if they are clearly authorized by an agreement or statute, or in the rare case where "the defendant has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Miller v. Rohling*, 720 N.W.2d 562, 573 (Iowa 2006). Myers limits her arguments on appeal to the statutory basis for recovery of attorney fees.

Myers brought her contempt action under section 600B.37, and she argues the district court erred in interpreting that provision as not authorizing the award of attorney fees. She also cites section 600B.25, and contends as the prevailing party she was entitled to reasonable attorney fees. Finally, she asserts failure to award attorney fees under section 600B.37 is "contrary to public policy, inequitable, and not in the interest of justice."

Because Myers and Cosby were not married, the law governing their consent decree and child support order is found in chapter 600B, which is entitled "Paternity and Obligation for Support."

The key provision on appeal is section 600B.37, which states:

> If the father fails to comply with or violates the terms or conditions of a support order made pursuant to the provisions of this chapter, he shall be punished by the court in the same manner and to the same extent as is provided by law for a contempt of such court in any other suit or proceeding cognizable by such court.

Myers reads the prepositional phrase defining punishment ("in the same manner and to the same extent as is provided by law for a contempt of such court in any other suit or proceeding cognizable by such court") as "making the application of section 665.4 unnecessary." That provision in the contempt chapter sets the punishment for contempt "where not otherwise specified." Iowa

Code § 665.4; *see also* Iowa Code § 665.5 (allowing imprisonment as coercive contempt punishment).

Myers then trains on the "any other suit" language to argue it is reasonable to interpret section 600B.37 as incorporating section 598.24. That statute from the dissolution of marriage chapter provides:

> When an action for a modification, order to show cause, or contempt of a dissolution, annulment, or separate maintenance decree is brought on the grounds that a party to the decree is in default or contempt of the decree, and the court determines that the party is in default or contempt of the decree, the costs of the proceeding, including reasonable attorney's fees, may be taxed against that party.

Iowa Code § 598.24.

We disagree with Myers's statutory interpretation. When we interpret a statute, our goal is to determine and give effect to the legislative intent. *State v. Paye*, 865 N.W.2d 1, 4 (Iowa 2015). To achieve that goal, we turn first to the statute's language. *Mulhern v. Catholic Health Initiatives*, 799 N.W.2d 104, 113 (Iowa 2011). When the language is plain and unambiguous, we will look no further. *Id.* We presume the legislature expressed its intent by the words it chose, not by what it should or might have said. *Id.* "We may not extend, enlarge, or otherwise change the meaning of a statute under the guise of construction." *Id.* We also consider legislative history when determining the intent of the drafters. *State v. Allen*, 708 N.W.2d 361, 366 (Iowa 2006).

No language in section 600B.37 addresses attorney fees. In discussing sanctions available for a father who does not comply with a support order, section 600B.37 directs the court to punish him "in the same manner and to the

same extent as is provided by law for a contempt of such court in any other suit or proceeding cognizable by such court." This clause requires reference to chapter 665 because the law providing for contempt sanctions is found in sections 665.4 and 665.5.

Attorney fees are not a punishment option for contempt under sections 665.4 or 665.5. *See Wilson v. Fenton*, 312 N.W.2d 524, 529 (Iowa 1981), *overruled on other grounds by Ervin v. Iowa Dist. Ct.*, 495 N.W.2d 742 (Iowa 1993). Because attorney fees are not allowed as punishment under sections 665.4 and 665.5, they cannot be assessed as such under section 600B.37. *See Pederson v. Meyer*, No. 13-1600, 2014 WL 3930462, at *2 (Iowa Ct. App. Aug. 13, 2014).

Myers's attempt to integrate section 598.24 into section 600B.37 through the phrase "any other suit" is unavailing. The prepositional phrase "in any other suit" describes the manner and extent to which a father who does not comply with a support order under chapter 600B may be punished for contempt. It does not add text concerning the availability of attorney fees to section 600B.37. A matter not covered in a statute is not covered. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012) (discussing omitted-case canon). The matter may not be added by interpretation.

Section 598.24 expressly "authorizes recovery of attorney fees as part of the costs in dissolution of marriage contempt cases." *Wilson*, 312 N.W.2d at 529. Section 600B.37 does not do so. The absence of a comparable attorney fee provision in section 600B.37 supports our conclusion that the legislation did

not intend to create such a remedy in contempt actions arising under the paternity and support chapter. *See Shumate v. Drake Univ.*, 846 N.W.2d 503, 513 (Iowa 2014) (finding it "telling" that express right to sue was included in one chapter but not in another).

Similarly, Myers's citation to the attorney fee provision in section 600B.25 does not help her cause. Section 600B.25(1) discusses the contents of a support order, upon the finding of paternity. The subsection concludes with this sentence: "The court may award the prevailing party the reasonable costs of suit, including but not limited to reasonable attorney fees." Iowa Code § 600B.25(1). Myers contends because she was the prevailing party in the contempt action, the district court had discretion to award her attorney fees. Her contention fails because her show-cause action brought under section 600B.37 was not a paternity action or subsequent determination of custody or support governed by section 600B.25(1), nor was it a proceeding to modify paternity, custody, support, or visitation governed by section 600B.26. In those proceedings, the district court has discretion to award attorney fees to the prevailing party. *See In re Ferguson*, No. 08-1593, 2009 WL 1676996, at *2 (Iowa Ct. App. June 17, 2009). By contrast, section 600B.37 does not mention the prevailing party or attorney fees. When the legislature includes specific language in one section but omits it from another, we presume the legislature intended the omission. *See Oyens Feed & Supply, Inc. v. Primebank*, 808 N.W.2d 186, 193 (Iowa 2011) (quoting *Freedom Fin. Bank v. Estate of Boesen*, 805 N.W.2d 802, 811 (Iowa 2001) ("[L]egislative intent is expressed by omission as well as by inclusion of statutory

terms.")). Because section 600B.37 does not expressly authorize attorney fees, the court was correct in denying Myers's request.

Finally, Myers argues the denial of attorney fees in this context is contrary to public policy. She asserts it places an "undue financial burden and hardship" on the custodial parent to prosecute the other parent's failure to comply with a court order—without the ability to be made whole as the prevailing party. She predicts "[f]ailure to award attorney's fees as a contempt remedy for failure to pay child support will likely result in discouraging child support recipients from enforcing said judgments." While her arguments are logical, we agree with the district court's sentiment that they are better addressed to the legislature.

The legislature has expressly provided courts with discretion to award attorney fees to the prevailing party in actions under sections 600B.25(1) and 600B.26. The legislature also has provided authority for the court to tax attorney fees against a party found in contempt under section 598.24. It is not clear why the legislature would see fit to treat parents who were never married differently when it comes to enforcing a child support order. Perhaps attorney fees were left out of section 600B.37 by legislative oversight—a case of "casus omissus." But even if this is a case of casus omissus, "we have no right to supply the defect. The right to legislate is in the legislature and not in us." *Ctr. Twp. Sch. Dist. by Rollins v. Oakland Indep. Sch. Dist.*, 112 N.W.2d 665, 671 (Iowa 1962).

For these reasons, the district court correctly denied Myers's request for attorney fees.

**AFFIRMED.**