**IN THE COURT OF APPEALS OF IOWA**

No. 18-0726
Filed March 20, 2019

**AMANDA JO PHILLIPS-HEWITT,**
　　　Plaintiff-Appellant,

**vs.**

**CHRISTOPHER RYAN BREKKE,**
　　　Defendant-Appellee.
_____

　　　Appeal from the Iowa District Court for Scott County, John Telleen, Judge.


　　　A mother appeals a district court ruling on her contempt action against the

father. **AFFIRMED.**



　　　Lynne C. Jasper, Bettendorf, for appellant.

　　　Lauren M. Phelps, Davenport, for appellee.



　　　Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Amanda Phillips-Hewitt appeals the district court's denial and dismissal of her application for order to show cause against Christopher Brekke for his failure to keep current with his child-support obligations. Amanda contends the district court should have found Christopher in contempt for failing to pay child support. Amanda also challenges the court's denial of her request for trial attorney fees, and she requests appellate attorney fees.

Amanda and Christopher are the never-married parents of C.J.P., born in 2013. The original custody decree was entered in December 2015, after the court approved the parties' stipulation regarding custody and child support. The stipulation and order awarded Amanda physical care and legal custody of the child and provided visitation for Christopher. Christopher was obligated to pay child support in the amount of $556.97 per month.

In January 2018, Amanda filed an application for an order to show cause, arguing that Christopher was delinquent in his support obligation. She also requested attorney fees. After a hearing, the court filed its order denying and dismissing Amanda's application and request for attorney fees. Amanda appeals.

"Iowa Code sections 598.23 and 598.23A [(2017)], provide that a person who fails to make court-ordered child or medical support payments '*may* be cited and punished' for contempt." *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (emphasis added). Given the permissive language, the "trial court is not required to hold a party in contempt even though the elements of contempt may exist." *Id.* The "trial court . . . [has] broad discretion and 'unless this discretion is

grossly abused, the [trial court's] decision must stand.'" *Id.* (quoting *State v. Lipcamon*, 483 N.W.2d 605, 607(Iowa 1992)).

"[A] finding of contempt must be established by proof beyond a reasonable doubt." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). Contempt is characterized as "willful disobedience." *Id.* Amanda was required to prove that Christopher "(1) had a duty to obey a court order, and (2) willfully failed to perform that duty." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). "If [Amanda] can show a violation of a court order, the burden shifts to [Christopher] to produce evidence suggesting the violation was not willful." *Ary*, 735 N.W.2d at 624. However, Amanda "retains the burden of proof to establish willfulness beyond a reasonable doubt because of the quasi-criminal nature of the proceeding." *Id.* To prove willfulness, there must be "evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." *Christensen*, 578 N.W.2d at 678 (quoting *Amro v. Iowa Dist. Ct.*, 429 N.W.2d 135, 140 (Iowa 1988)). "A failure to follow a court order is not willful if a contemner shows the order was indefinite or that the contemner was unable to comply with the order." *Ary*, 735 N.W.2d at 624.

Christopher does not dispute that he is in arrears on his child-support obligation. In finding that Christopher's conduct did not amount to a willful violation, the court stated:

> Here, the evidence indicates that [Christopher] regularly paid his child support while he was employed. He lost a good job as a result of his third OWI conviction and placement at the Residential Correctional Facility. It is not at all surprising that he had trouble finding new employment given his criminal record. The Court

considers his attempt to earn money by flipping houses to be ill-advised but the Court cannot conclude that his ill-advised venture was an effort to willfully ignore his child support obligations. Under the facts and circumstances here, the Court cannot conclude that his one year of marginal employment was willful conduct that is intentional or with a bad or evil purpose. The only evidence available to the Court indicated that he applied for many more lucrative positions and recently landed a decent job.

The district court gave a well-reasoned explanation for its conclusion. On our review of the record, we conclude the district court did not abuse its discretion in finding that Amanda failed to prove beyond a reasonable doubt that Christopher's child-support arrearages were the result of his willful behavior. Accordingly, we affirm the district court's decision.

Amanda also challenges the trial court's denial of her request for attorney fees. We review attorney-fee awards for an abuse of discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). Courts are not allowed to award attorney fees "in the absence of a statute or agreement expressly authorizing it. In order [for fees to be] taxed the case must come clearly within the terms of the statute or agreement." *Van Sloun v. Agans Bros.*, 778 N.W.2d 174, 182 (Iowa 2010) (quoting *Thorn v. Kelley*, 134 N.W.2d 545, 548 (1965)). Here, Iowa Code section 600B.37A allows the court to tax reasonable attorney fees against a party found in contempt.[1] As Amanda was unsuccessful in her contempt action against Christopher, the court did not have the discretion to award attorney fees to her.

---

[1] Section 600B.37A provides:
> If an action is brought on the grounds that a party to an order made pursuant to this chapter is in default or contempt of the order, and the court determines that the party is in default or contempt of the order, the costs of the proceeding, including reasonable attorney fees, may be taxed against that party.

We therefore affirm the court's denial of an attorney-fee award, and we decline to award appellate attorney fees.  Costs on appeal are assessed to Amanda.

**AFFIRMED.**