# IN THE COURT OF APPEALS OF IOWA

No. 19-1057
Filed March 4, 2020

IN RE THE MARRIAGE OF CARRIE LEFF
AND CHARLES LEFF

Upon the Petition of
CARRIE LEFF,
        Petitioner-Appellant,

And Concerning
CHARLES LEFF,
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Howard County, Richard D. Stochl,

Judge.


        Carrie Leff appeals the denial of her application for rule to show cause

regarding Charles Leff.  **AFFIRMED.**


        Jeremy L. Thompson of Putnam & Thompson Law Office, P.L.L.C.,

Decorah, for appellant.

        Christopher F. O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP,

New Hampton, for appellee.


        Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

This appeal comes before us based on a dispute over $45.00. When her ex-husband paid $455.00 of his $500.00 monthly spousal support obligation, Carrie Leff brought a contempt action against him. The district court declined to hold the ex-husband in contempt and denied Carrie's request for attorney fees. Carrie appeals from the district court's ruling and requests appellate attorney fees.

The marriage of Carrie and Charles Leff was dissolved by a decree that incorporated certain stipulations of the parties, including an agreement for Charles to pay Carrie $500.00 in monthly spousal support for forty-eight months.[1] A few months later, Carrie filed an application for rule to show cause, claiming Charles had refused to deliver personal property awarded to Carrie. She later filed an amended application alleging multiple grounds for contempt, including an allegation Charles only paid $455.00 toward one of his monthly spousal support obligations and refused to pay in full when requested. Following a hearing on the contempt application, the court issued an order denying the application, stating it is confident Charles "did not willfully violate the court's order." The court also denied Carrie's request for attorney fees. She then filed a motion to amend, enlarge, or reconsider, which the court also denied. She now appeals.

When a trial court refuses to find a party in contempt, the court has "broad discretion and 'unless this discretion is grossly abused, the [trial court's] decision must stand.'" *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (quoting

---

[1] The parties did not fully resolve the issues in their dissolution of marriage proceeding by stipulation. Several issues were resolved by going to trial. A separate appeal was filed regarding the trial ruling. *See In re Marriage of Leff*, No. 19-0038, 2020 WL 564901 (Iowa Ct. App. Feb. 5, 2020).

*State v. Lipcamon*, 483 N.W.2d 605, 607 (Iowa 1992)). "We are obliged to give great deference to the trial court on issues of witness credibility." *McKinley v. Iowa Dist. Ct.*, 542 N.W.2d 822, 825 (Iowa 1996).

Failure to make court-ordered support payments is grounds for contempt. *Swan*, 526 N.W.2d at 327. The party alleging contempt has the initial burden to prove the other party willfully failed to perform a court-ordered duty. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). The burden then shifts to the other party to produce evidence suggesting the violation was not willful. *Id.* "However, the person alleging contempt retains the burden of proof to establish willfulness beyond a reasonable doubt because of the quasi-criminal nature of the proceeding." *Id.* "[A] trial court is not required to hold a party in contempt even though the elements of contempt may exist." *Swan*, 526 N.W.2d at 327. "[T]he trial court may consider all the circumstances, not just whether a willful violation of a court order has been shown, in deciding whether to impose punishment for contempt in a particular case." *Id.*

Carrie established Charles failed to pay his court-ordered support obligation in full, but this fact alone does not prove a willful violation. The record contains no excuse or explanation for why Charles failed to fully pay the support. Instead of offering an explanation, Charles's counsel stated on the record: "I'm not going to waste anybody's time on $45.00. I'm going to ask the court to find him in contempt and give him ten days to purge himself by paying the $45.00."[2] Despite Charles's

---

[2] In her brief, Carrie characterizes this statement by Charles's counsel as a "stipulation that he should be found in contempt." It was not a stipulation. Rather, it was an admission by Charles that one spousal support payment was $45.00

lack of explanation and the statement from Charles's counsel, we find the court did not grossly abuse its discretion in finding Carrie failed to meet her ultimate burden in establishing a willful violation beyond a reasonable doubt. *See Ary*, 735 N.W.2d at 624. Furthermore, considering the amount of the underpayment and the acrimony between the parties in the record before us, we find the court did not grossly abuse its broad discretion in addressing the underpayment in the context of the parties' numerous disputes. *See Swan*, 526 N.W.2d at 327.

As to trial attorney fees, the trial court may only award such fees if it clearly has the power to do so "within the terms of [a] statute or agreement." *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010) (quoting *Thorn v. Kelley*, 134 N.W.2d 545, 548 (Iowa 1965)). The applicable statute governing this case is Iowa Code section 598.24 (2019), which only allows the party seeking contempt to recover attorney fees if the court finds the other party "is in default or contempt of the decree." Iowa Code § 598.24. Because the court did not find Charles in contempt, it did not err in denying Carrie's request for attorney fees. Similarly, we have no statutory authority to order appellate attorney fees in a contempt action other than to a successful applicant. *See In re Marriage of Whiteside*, No. 07-0739, 2007 WL 3376902, at *3 (Iowa Ct. App. Nov. 15, 2007) (finding section 598.24 allows only a successful applicant to recover trial and appellate attorney fees in a contempt action).

We find the trial court did not grossly abuse its discretion in declining to hold Charles in contempt for his underpayment of spousal support. We further find no

---

short along with a suggestion for resolution of the dispute. The court was not obligated to following the suggestion and chose not to do so.

statutory authority to award trial or appellate attorney fees to Carrie here. Therefore, we affirm and deny Carrie's request for appellate attorney fees.

**AFFIRMED.**